**John E. McHUGH, Jr., Plaintiff,**

v.

**RESERVE MINING COMPANY et al., Defendants.**

**Civ. No. 36587.**

United States District Court
N. D. Ohio, E. D.

May 5, 1961.

Frederic B. Schramm, Jerome F. Kramer, Cleveland, Ohio, for plaintiff.

Victor DeMarco, Cleveland, Ohio, for Reserve Mining Co. and Republic Steel Co.

Robert W. Poore, George H. Rudolph, Cleveland, Ohio, for Armco Steel and others.

JONES, District Judge.

The corporate defendants in this action move to dismiss the complaint, and particularly Count IV thereof, for failure to join an indispensable party, or, in the alternative, for a more definite statement.

The major part of this lawsuit concerns alleged fraudulent activities of the defendants named herein. The fact that one count of the complaint (Count IV) may be defective is not of controlling importance. The further fact that some part of the relief sought may be beyond the power of the court to grant is of no importance at all. The court will not dismiss an entire action because the plaintiff has asked for more than that to which he may be entitled. Nor in this situation will the court dismiss part of the action because it may develop that one count is improper, since it here seems obvious that the same facts would be elicited regardless of the presence or absence of Count IV.

Basically this is an action for damages resulting from the breach of a confidential disclosure agreement. Apparently the facts needed to prove this cause of action would also be facts which would render a United States patent void. In the absence of the owner of that patent it may well be that the court would have no power to declare the patent void, but still this court can grant relief on other bases without disturbing the patent grant.

As to the motion for more definite statement, it is difficult to see how the nature of the claim could be made more clear. Reserve Mining entered into a confidential disclosure agreement, promising no unauthorized disclosure by it to anyone. Plaintiff alleges that Reserve Mining was in fact acting on behalf of the other corporate defendants at the time of the agreement and that thus there was never any intent on its part to honor the agreement. At the same time, disclosure by Reserve Mining to the other corporate defendants constituted a breach of the agreement. I can see no inconsistency in the allegations.

The requests for admissions of the plaintiff appear in four separate volumes, one directed to each of the four defendants, and the number of requests in each of the four volumes vary from 153 to 218. The objections of the various defendants to the respective requests made of them are set out in a single volume, numbering 204 objections.

It readily will be seen that this presents a monumental and almost Herculean task on the part of the court to consider the requests and objections seriatim or in toto. Enough examination has been made to ascertain that the requests for admissions in a very substantial number are subject to the objections and infirmities set forth in the objections. Rule 36, Fed.Rules Civ.Proc., 28

U.S.C.A., cannot be used as a discovery proceeding, nor is it exactly a substitute for interrogatories.

While it is in the interest of curtailing the length of litigation and avoiding the necessity of a large amount of evidence that as many facts as possible can be conceded in advance of trial, nevertheless, the true purpose of Rule 36 is not to permit requests for admissions which go to any number of controversial facts or issues. Electric Furnace Co. v. Fire Association of Philadelphia, D.C.N.D.Ohio 1949, 9 F.R.D. 741.

Even under this view of the matter, a considerable number of the requests for admissions objected to readily could be admitted or denied without the necessity of the court ruling in each instance after lengthy perusal and consideration thereof. Without a knowledge of what facts are essential to be established by the plaintiff to sustain his case it will be somewhat of a guess or speculation as to what requests call for facts which will not be disputed and what requests call for admission of facts which are controversial. To a certain extent the court is called upon to anticipate from the allegations of the complaint what facts probably will be undisputed and what controverted.

It would be in the interest of facilitating the disposition of these preliminary matters if the defendants would either admit or deny those requests which they deem not proper to be made under Rule 36. This would save everybody's time and would not in any degree prejudice the defendants. If this is done thoughtfully and carefully it is to be doubted whether any costs or expenses fairly could be assessed against the defendants in the event that requests which were denied later were proved to be facts.

Accordingly, the motion to dismiss and the motion for more definite statement will be denied and objections to the request for admissions will be dealt with as suggested above.