MR. HANGER, INC., Plaintiff,

v.

William RIZZUTO et al., Defendants.

No. 75 Civ. 2683.

United States District Court, S. D. New York.

Oct. 10, 1975.

Dickstein, Shapiro & Morin, New York City, for plaintiff, by Arthur J. Galligan, New York City, of counsel.

Sigmund L. Miller, P. C., Bridgeport, Conn., for defendants.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

The plaintiff, Mr. Hanger, Inc., has charged defendants Rizzuto, Rubin, Schechter, Yanick and The Harwood Co., with conspiring in violation of 15 U.S.C. § 1 to destroy plaintiff's business, with unfair competition and with business defamation. The plaintiff has moved for a preliminary injunction prohibiting defendants and those acting in concert with them from (1) soliciting or accepting orders from customers on plaintiff's customer lists and account cards; (2) using in any manner plaintiff's customer lists and account cards and requiring their return as well as any other material removed from plaintiff's premises; (3) making false and defamatory statements about plaintiff's financial condition; and (4) soliciting plaintiff's employees or agents to terminate their association with plaintiff. The defendants have cross-moved for a dismissal of the complaint on the ground that subject matter jurisdiction is lacking.

The jurisdictional basis for this action is the antitrust claim alleging a violation of 15 U.S.C. § 1. The additional claims are premised on a finding of pendent jurisdiction.

Therefore the threshold question is whether plaintiff has stated a cause of action under 15 U.S.C. § 1. Plaintiff argues that the conduct which it seeks to redress constitutes a per se violation of the antitrust laws. Among the acts allegedly committed by the individual defendants are mass resignation, misappropriation of customer and price lists, and the giving of false information about plaintiff's financial condition. These same alleged acts are the basis for the pendent business tort claims.

The line of cases on which the plaintiff bases it argument that the acts complained of constitute a per se violation of the antitrust statutes emanates from the First Circuit. *Albert Pick-Barth Co. v. Mitchell Woodbury Corp.*, 57 F.2d 96 (1st Cir.), cert. denied, 286 U.S. 552, 52 S.Ct. 503, 76 L.Ed. 1288 (1932) was the first case to hold that a conspiracy to commit business torts of the type alleged in this case may constitute a per se violation of the antitrust laws. See also, *Atlantic Heel Co. v. Allied Heel Co.*, 284 F.2d 879 (1st Cir. 1960); *Perryton Wholesale, Inc. v. Pioneer Distributing Co.*, 353 F.2d 618 (10th Cir. 1965), cert. denied, 383 U.S. 945, 86 S.Ct. 1202, 16 L.Ed.2d 208 (1966).

Although this holding has been questioned both by the courts, see, e. g., *Vogue Instruments Corp. v. Lem Instruments Corp.*, 40 F.R.D. 497 (S.D.N.U. 1966), and more recently *George R. Whitten, Jr., Inc. v. Paddock Pool Builders, Inc.*, 376 F.Supp. 125, and by the

literature, see Note, 42 Fordham L.Rev. 909 (1974), the Supreme Court has yet to address itself to the question.

Since the plaintiff in this case has alleged that the defendants acted to "injure . . . destroy . . . and to eliminate" the plaintiff (see First Amended Complaint, ¶ 16), they have alleged enough to withstand a motion to dismiss on the pleadings. See *Tower Tire and Auto Center, Inc. v. Atlantic Richfield Co.*, 392 F.Supp. 1098, 1975 Trade Cas. ¶ 60,316 (S.D.Tex.1975); *Frederick Chusid & Co. v. Marshall Leeman & Co.*, 326 F.Supp. 1043 (S.D.N.Y. 1971); *Vogue Instruments Corp. v. Lem Instruments Corp.*, 40 F.R.D. 497 (S.D.N. Y.1966).

Accordingly, there exists jurisdiction over the pendent state claims based on the related business torts. See *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir. 1971). The motion to dismiss is denied and a hearing will be held on the merits of the plaintiff's motion for a preliminary injunction. See *SEC v. Frank*, 388 F.2d 486 (2d Cir. 1968).

SO ORDERED.