EYE ENCOUNTER, INC., a California Corporation, Plaintiff,

v.

CONTOUR ART, LTD., a New York Corporation, Norman Grafstein, Marty Senecal, and Kevin Grieve, Individually, and "John Does 1–5", "Jane Does 1–5", and "Doe Incs. 1–5", fictitious designations for parties, the actual identity of which presently is unknown, Defendants.

No. 78 C 980.

United States District Court, E. D. New York.

Feb. 20, 1979.

Lichtenberg & Goss, New York City by David J. T. Goss, Gary J. Levy, New York City, for plaintiff.

Lupow, Grafstein & Frankfort, Commack, N. Y. by Fred Grafstein, Commack, N. Y., for defendants.

**686**

MEMORANDUM AND ORDER

NEAHER, District Judge.

The motion before the court is proof that "[t]he goals of efficient judicial administration are retarded, not advanced, when the pleadings are used as a battleground for legal skirmishes without the necessary factual development upon which to focus a decision," particularly in an action based upon asserted violations of the antitrust laws. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3 Cir. 1977). Defendants move for dismissal of the action pursuant to Rule 12(b)(6), F.R.Civ.P., or, in the alternative, for summary judgment pursuant to Rules 12 and 56, F.R.Civ.P. Neither motion has merit and for the following reasons, they are denied.

 These motions are based upon a fundamental misunderstanding of the pleading requirements in federal practice. The issue to be decided on a motion to dismiss is not whether plaintiff will prevail in the action, but whether it is entitled to offer evidence in support of its claim. *Green v. Hamilton Intern Corp.*, 437 F.Supp. 723 (S.D.N.Y.1977). It is the rule in this circuit that a complaint need only give notice to the opposing party by a short plain statement for relief, in antitrust cases as in all cases under the Federal Rules. *George C. Frey Ready-Mixed Con. v. Pine Hill C.M.*, 554 F.2d 551, 554 (2 Cir. 1977). See *Nagler v. Admiral Corporation*, 248 F.2d 319 (2 Cir. 1957). Thus, it is unnecessary to plead evidence or the facts upon which the claims are based. *Bogosian v. Gulf Oil Corp.*, supra at 446. Rather, dismissal is appropriate only when, after the court has taken all well-pleaded material facts as true, it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Gumer v. Shearson, Hammill & Co., Inc.*, 516 F.2d 283, 286 (2 Cir. 1974).

 In antitrust cases, moreover, in which the proof is often in the control of the alleged conspirators, *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), dismissal prior to ample opportunity for discovery should be sparingly granted. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976). See *Athletes Foot of Delaware v. Ralph Libonati Co.*, 445 F.Supp. 35, 50 (D.Del.1977). While "bare bones statement of conspiracy or of injury under the antitrust laws without any supporting facts permits dismissal," *Heart Research Foundation v. General Motors Corp.*, 463 F.2d 98, 100 (2 Cir. 1972); *Car-Freshner Corp. v. Auto Aid Mfg. Corp.*, 438 F.Supp. 82, 86 (N.D.N.Y.1977), this complaint hardly merits such summary treatment. Discovery and other pre-trial procedure, see Rule 16, F.R.Civ.P., will provide whatever sharpening of the issues may be necessary. *George C. Frey Ready-Mix Con. v. Pine Hill C.M.*, supra at 554. Finally, it should be noted that defendants only weakly contend the complaint is deficient under Rule 8(a), F.R. Civ.P. They do not assert, however, that the complaint fails to give them adequate notice of the contours of plaintiff's claims.

Jurisdiction in this action is alleged to arise under 28 U.S.C. § 1331, based upon asserted violations of the antitrust laws, particularly the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, and the Clayton Antitrust Act, 15 U.S.C. § 12 *et seq.* as amended by the Robinson-Patman Act, 15 U.S.C. § 13(a), (b) and (e). Various State law claims are before the court in its pendent jurisdiction. Diversity of citizenship is alleged as an alternative basis for subject matter jurisdiction and is uncontested.

*Relevant Facts*

Plaintiff is a corporation organized under the laws of the State of California and is engaged in the business of manufacturing and distributing photographic art work including battery operated "scenic clocks." Defendant Contour Art, Inc. is a New York corporation engaged in the manufacturing and distributing of various decorative products including picture frames and lithographic reproductions of photographs of

landscapes. The individual defendants are officers and employees of the defendant corporation. Fictitious designations for certain individuals, business entities and corporations are also included to represent various co-participants currently unknown to plaintiff.

Although the complaint is not a model of clarity, it does set forth plaintiff's contention that defendants have engaged in conduct which violates State, and perhaps federal, unfair competition laws, as well as federal antitrust laws. In paragraphs 13–18 of the complaint, plaintiff defines the relevant markets involved in the action and then proceeds in the subsequent paragraphs to make allegations common to all counts. Generally, plaintiff alleges that defendants agreed to combine to restrain competition in the sale and distribution of scenic clocks and to engage in a program of unfair competition. It is also alleged that defendant Contour Art has substantial market power and thus the ability to affect interstate commerce and to retard plaintiff's capacity to compete.

The complaint states that beginning on or about August 1, 1977, the defendants undertook a program in restraint of interstate trade and commerce, including particularly a restraint on the competitive activities of plaintiff. (Complaint ¶ 19.) Paragraph 21 outlines a number of overt acts taken pursuant to the agreement to combine to restrain trade, sounding essentially in the law of unfair competition, in which defendants are alleged to have converted and appropriated the designs, concepts, and styles of plaintiff's scenic clocks, to have falsely and in a materially inaccurate manner compared and associated plaintiff's clocks with those of defendant Contour Art, and to have hired personnel previously employed by plaintiff to promote defendants' scenic clocks and to facilitate the making of materially inaccurate comparisons. Paragraphs 22–25 allege copyright infringement, various trade dress violations and allegations of misrepresentation and improper use of trade secrets, customer lists and other confidential information.

Plaintiff follows by delineating claims stated under the antitrust laws. It alleges that defendants have engaged in a program of illegal and unlawful discriminatory pricing directed at impairing plaintiff's ability to compete, by giving discounts with the possibility of credits to certain customers, as well as special considerations, such as agreements to bear freight and transportation costs, not uniformly or generally available to all customers of Contour Art. (Compl. ¶¶ 27–29.) It further alleges that defendant has announced its intention to market its scenic clocks in a "tie-in" arrangement with other products which would exploit the market power of Contour Art in the sale of the scenic clocks. (Compl. ¶ 30.) Finally, plaintiff states that defendants have disparaged plaintiff's clocks. (Compl. ¶ 31.) The foregoing is alleged to violate the Sherman and Clayton Antitrust Acts. Plaintiff alleges it has suffered direct injury as a result of defendants' conduct and has been damaged in the amount of $500,000 in diminished potential sales volume, computed in net profits. (Compl. ¶¶ 35 and 37.) It seeks treble damages under Section 4 of the Clayton Act, 15 U.S.C. § 15, with the costs of the suit and reasonable attorney's fees, in addition to $50,000 for damage to plaintiff's business reputation and good will.

### Subject Matter Jurisdiction

In defendants' reply memorandum, the issue of subject matter jurisdiction is raised for the first time. Defendants claim that the conduct complained of did not occur in the flow of interstate commerce, and in fact occurred entirely within the borders of New York State. They contend, moreover, that Contour Art did not engage in sufficient business in scenic clocks to have an impact on interstate commerce.

Although these issues have been discussed in terms of jurisdiction by various courts, the better view and the one followed in this circuit is that these issues are not jurisdictional but go to the elements of an antitrust cause of action. See *George C. Frey Ready-Mix Con. v. Pine Hill C.M.,*

*supra* at 554 n. 3; *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.,* 588 F.2d 24 (2 Cir. 1978) (proof of injury to competition is not jurisdictional prerequisite but is part of plaintiff's burden of demonstrating violation of Robinson-Patman Act). Where plaintiff has made a nonfrivolous allegation that defendants have violated the antitrust laws, a federal court has jurisdiction; whether interstate commerce is "affected" is a question which must be resolved upon a motion to dismiss for failure to state a claim under Rule 12(b)(6), F.R. Civ.P., or after discovery under Rule 56, F.R.Civ.P., if the complaint survives a motion to dismiss. Dismissal for lack of subject matter jurisdiction is inappropriate unless the claim is frivolous under *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). *George C. Frey Ready-Mix Con. v. Pine Hill C.M., supra* at 554 n. 3. Dismissal of the instant complaint is not even remotely appropriate under this standard.

### Standing to Sue

Defendants broadly attack plaintiff's standing to assert claims under Section 3 of the Clayton Act, 15 U.S.C. § 14, and under Section 2(a) of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C. § 13(a). They essentially suggest that plaintiff lacks standing because it has not purchased goods from defendants. This view is unwarranted.

▬ As a general proposition, the law permits plaintiffs who have been directly injured in their business or property by reason of anything forbidden by the antitrust laws to sue therefor. 15 U.S.C. § 15. If the plaintiff shows that the violation of the antitrust laws directly caused injury to its business or property, it has satisfied the requirements of standing to bring suit. This has been expansively construed to accord standing to "[a] person . . . within the 'target area' of the alleged antitrust conspiracy, *i. e.,* a person against whom the conspiracy was aimed, such as a competitor of the persons sued." *Calderone Enterprises Corp. v. United Artists Theatre Circuit, Inc.,* 454 F.2d 1292, 1295 (2 Cir.

1971). See *Western Geophysical Co. of America v. Bolt Assoc., Inc.,* 305 F.Supp. 1251, 1253 (D.Conn.1969). Here, there can be little doubt that plaintiff's allegations support its standing to sue under this standard. See *Moore v. Jas. H. Matthews & Co.,* 550 F.2d 1207 (9 Cir. 1977); *Ludwig v. American Greetings Corp.,* 264 F.2d 286 (6 Cir. 1959); *Tondas v. Amateur Hockey Ass'n of U. S.,* 438 F.Supp. 310, 315 (W.D.N. Y.1977).

While we are aware that a competitor's standing to bring suit under Section 3 of the Clayton Act, 15 U.S.C. § 14, is not completely free from doubt, *compare Moore v. Jas. H. Matthews & Co., supra,* with *Unibrand Tire & Product Co. v. Armstrong Rubber Co.,* 429 F.Supp. 470 (W.D.N.Y. 1977), the conduct alleged to violate that section can be asserted under Section 1 of the Sherman Antitrust Act. Since plaintiff specifically asserts such a claim here, defendants' argument is without practical significance. Plaintiff must ultimately bear its burden of proof no matter what standards are applied to the conduct it alleges is violative of the antitrust laws. Thus, dismissal on this ground is premature.

With respect to the claim asserted under the Robinson-Patman Act, there is an additional basis for finding that plaintiff has standing to bring suit. Defendants' argument that plaintiff must be a purchaser from a discriminating seller ignores the line of cases recognizing a claim for primary line discrimination in which a plaintiff need only demonstrate that it is in a competitive relationship with the defendant and has been injured by the defendant's practices. Read in its best light, as we must, the complaint asserts such a violation, and thus plaintiff, as a competing seller of scenic clocks, has standing to raise the claim of price discrimination. See, *e. g., Moore v. Mead's Fine Bread Co.,* 348 U.S. 115, 75 S.Ct. 148, 99 L.Ed. 145 (1954); *Balian Ice Cream Co. v. Arden Farms Co.,* 231 F.2d 356, 369 (9 Cir. 1955), *cert. denied,* 350 U.S. 991, 76 S.Ct. 545, 100 L.Ed. 856, *rehearing denied,* 351 U.S. 928, 76 S.Ct. 778, 100 L.Ed. 1458 (1956); *H. J. Heinz Co. v. Beech-Nut*

*Life Savers, Inc.,* 181 F.Supp. 452 (S.D.N.Y. 1960); *Gerber Prods. Co. v. Beech-Nut Life Savers, Inc.,* 160 F.Supp. 916 (S.D.N.Y. 1958). See also *Smolka Co. v. Central Foundry Co.,* 52 F.R.D. 248 (S.D.N.Y.1971). We intimate no view, of course, on the merits of such a claim or on the possibility that plaintiff seeks to raise secondary line violations, or on the propriety of its so doing.

### Failure to State a Claim

▮ As a preliminary matter, the court notes that under notice pleading requirements it is unnecessary to set out the legal theory upon which the claim is based. *Siegelman v. Cunard White Star,* 221 F.2d 189, 196 (2 Cir. 1955); *Gins v. Mauser Plumbing Supply Co.,* 148 F.2d 974 (2 Cir. 1945). See *Hitchcock v. DeBruyne,* 377 F.Supp. 1403, 1407 (D.Conn.1974). Thus, while it is desirable that the pleadings give notice of some theory supporting recovery, it is unnecessary for the pleader to delineate the theories or to choose among alternative theories of relief.

▮ Here, defendants' motion is aimed at the dismissal of the *action* and not to the separate counts of the complaint. In this situation, if one of the counts is sufficient, the motion should be denied in its entirety unless the court chooses to consider the motion as addressed to each count separately. *Bleeker v. Drury,* 3 F.R.D. 325, 327 (W.D.N.Y.1944). This the court chooses not to do. Since the purpose of pleading is to give notice of plaintiff's claim with sufficient clarity to enable defendant to frame an answer, an action should not be dismissed if one of the allegations of jurisdiction is insufficient while the others are not; nor should a complaint be dismissed if one of the alternative statements is insufficient but any one supports the claim. *Taylerson v. American Airlines,* 183 F.Supp. 882 (S.D. N.Y.1960); *Mull v. Colt Co.,* 31 F.R.D. 154, 175 (S.D.N.Y.1962).

▮ In the instant case, the court will not dismiss the entire action because plaintiff may have asked for more than that to which it may be entitled. Nor will it dismiss part of the complaint because it may develop that one count is improper, since here it is probable that much of the same discovery would be required with or without some of the counts pleaded. *McHugh v. Reserve Mining Co.,* 27 F.R.D. 505 (N.D. Ohio 1961). It follows that the most efficient disposition of this action will be aided by use of pre-trial procedures under Rule 16, F.R.Civ.P., or by judicious use of summary judgment, rather than by an attempt to pare down the action at the pleading stage. See *Nagler v. Admiral Corporation, supra.* As set forth below, it is our view that plaintiff has stated a claim arising under the antitrust laws and common law of unfair competition. Thus, while unnecessary to our decision, we deal with defendants' objections to the complaint although they go ultimately to plaintiff's burden of proving its claim rather than to its burden of pleading one.

▮ Defendants object to plaintiff's claim asserted under Section 1 of the Sherman Act, 15 U.S.C. § 1 on a number of grounds, foremost of which is plaintiff's alleged failure to set forth a "conspiracy" or "combination" within the meaning of the Act. Specifically, it is asserted that plaintiff has merely stated a conspiracy among the defendants—a corporation and its officers—which is not recognized under antitrust laws. The simple answer to this is that the complaint names other co-conspirators, albeit in form of John Doe defendants, and alleges a combination between defendants and certain of their customers or distributors. See *Fox Chemical Co. v. Amsoil, Inc.,* 445 F.Supp. 1355, 1360 (D.Minn.1978). There is, moreover, no requirement that a plaintiff name as parties-defendants all co-conspirators as long as their existence is set forth in the complaint. See *Hennessey v. National Collegiate Athletic Ass'n,* 564 F.2d 1136, 1147 (5 Cir. 1977); *Tondas v. Amateur Hockey Ass'n of U. S., supra* at 315–16; *Deaktor v. Fox Grocery Co.,* 332 F.Supp. 536, 539–40 (E.D.Pa.1971). The thrust of defendants' objection, therefore, is that the complaint is not pleaded in good faith in suggesting that discovery will reveal the

names of the alleged co-conspirators or that plaintiff has knowledge of customers with whom defendant has allegedly conspired. This the court cannot accept. If, of course, discovery reveals no factual basis for assertion of a conspiracy claim, the complaint may be susceptible to attack by motion for summary judgment.

The only other issue raised by defendants with respect to the Sherman Act claim which warrants any extended discussion (and which is not more properly settled upon a factual foundation) is their vague assertion that the allegations of the complaint do not constitute the sort of practices which state a claim under Section 1 of the Sherman Act. In substance, plaintiff complains about a series of unfair business practices engaged in by defendants. It is alleged that this course of conduct has unreasonably restrained interstate commerce in plaintiff's product. While the court expresses no opinion on the merits of plaintiff's claim, we note that allegations of this nature have been sustained as *per se* violations of Section 1 of the Sherman Act by a number of courts under the theory first espoused in *Albert Pick-Barth Co. v. Mitchell Woodbury Corp.,* 57 F.2d 96 (1 Cir. 1932), *cert. denied,* 286 U.S. 552, 52 S.Ct. 503, 76 L.Ed. 1288 (1933), *as limited by, George R. Whitten, Jr., Inc. v. Paddock Pool Builders, Inc.,* 508 F.2d 547 (1 Cir. 1974). See, *e. g., Perryton Wholesale, Inc. v. Pioneer Distributing Company of Kansas, Inc.,* 353 F.2d 618 (10 Cir. 1965); *Mr. Hanger, Inc. v. Rizzuto,* 410 F.Supp. 1158 (S.D.N.Y.1975); *Vogue Instrument Corp. v. Lem Instrument Corp.,* 40 F.R.D. 497 (S.D.N.Y.1966); *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.,* 368 F.Supp. 501 (E.D.Pa.1973).

■ While there is growing disenchantment with the *Pick-Barth per se* rule, see, *e. g., Stifel, Nicolaus & Co. v. Dain, Kalman & Quail,* 578 F.2d 1256 (8 Cir. 1978); *Northwest Power Products, Inc. v. Omark Industries,* 576 F.2d 91 (5 Cir. 1978), allegations of the nature of those asserted here might state a claim measured by the rule of reason. The Fifth Circuit in *Northwest Power Products, Inc., supra,* adopted such an anal-

ysis but found that plaintiff failed to show anticompetitive effect and thus failed to establish an antitrust violation. 576 F.2d at 90–91. In the circumstances presented, the court concludes that the disposition of the Sherman Act claim should await answer and discovery so that there is a factual basis for resolution of an issue which depends ultimately upon the particular facts of the case. See also *Western Geophysical Co. of America v. Bolt Assoc., Inc., supra* at 1253–56 & nn. 4, 5.

■ Defendants contest the sufficiency of plaintiff's assertion of a violation of § 2(a) of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C. § 13(a) on essentially two grounds. First, they contend vaguely that the complaint does not allege in detail the specifics of plaintiff's claim. As mentioned above, this is unnecessary. Plaintiff need only allege that a defendant who has engaged in commerce, has discriminated in price between purchasers of commodities, of like grade and quality, where the effect may be to substantially lessen competition. *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc., supra,* 588 F.2d at 27. The complaint does meet the bare minimum in setting forth such a claim. Moreover, any flaw in pleading in this situation would not warrant dismissal given the more than adequate notice provided by the complaint; expanded pleadings would add little to the notice already given. See *Donson Stores, Inc. v. American Bakeries Co.,* 58 F.R.D. 485, 488 (S.D.N.Y. 1973). Under these circumstances, plaintiff should have the opportunity to conduct discovery before a dismissal on the merits. See *Littlejohn v. Shell Oil Co.,* 456 F.2d 225, 229 (5 Cir. 1972).

■ Finally, defendants assert that plaintiff fails to state a claim under Section 3 of the Clayton Act, 15 U.S.C. § 14, in count 3 of the complaint, which alleges "tie-in" sales. Without attacking the theory of plaintiff's tying claim, defendants contend that only prospective conduct of the defendants is alleged. They conclude, therefore, that plaintiff's sole remedy is under the Sherman Act.

Paragraph 30 of the complaint is unquestionably phrased in conditional and future terms. Plaintiff states in its memorandum in opposition to this motion, however, that it intended to allege that "tie-in" sales have, in fact, occurred. It also refers to defendant Grafstein's affidavit which, in its view, demonstrates that such sales have already occurred by reason of his suggestion that defendants had large sales of their "complimentary" lines of products. Plaintiff also asserts that defendant Contour Art's current catalogue identifies the tie-in arrangement.

In these circumstances, the court is of opinion that resolution of this factual issue is best left to further development. There is already a basis for retaining some of the antitrust claims as set forth above. Thus, the presence of the claim under Section 3 of the Clayton Act should not prejudice defendants until it is brought into proper perspective.

■ The court concludes by noting that the alternative basis for jurisdiction—diversity of citizenship—has not been contested and would permit plaintiff to assert most, if not all, of the claims presented here as a matter of State law of unfair competition. Although treble damages would not be available, plaintiff would be entitled to discovery on essentially the same issues now raised under the rubric of antitrust violations. Hence, we do not believe that defendants are put to any greater burden in defending this purported antitrust action than they would be had plaintiff asserted State law claims alone.

If it should appear after factual development that there is no basis in fact or theory for maintaining this action in an antitrust posture, the complaint will be treated as alleging claims arising under applicable federal or State laws. In this regard, defendants object to the State law claims solely on the ground that the allegations are not supported by any factual representations and consist only of conclusions of law. This contention is frivolous; the complaint clearly specifies the conduct plaintiff claims to violate State law and most certainly states claims sounding in the common law of unfair competition.

Accordingly, defendants' motions are denied.

SO ORDERED.