Thomas W. CULLEN, Jr., Plaintiff,

v.

BMW OF NORTH AMERICA,
INC., Defendant.

No. 79 C 970.

United States District Court,
E. D. New York.

Nov. 7, 1979.

Louis J. Castellano, Jr., Garden City, N. Y., for plaintiff.

Weil, Gotshal & Manges by Kevin P. Hughes, Yvette Miller, New York City, for defendant.

## MEMORANDUM ORDER

NEAHER, District Judge.

The motions before the court involve the all too familiar failure of a plaintiff's attorney to serve a timely jury demand in an action removed from State court. The action was commenced in Supreme Court, Nassau County, on March 14, 1979, by service of summons and complaint. Defendant filed a notice of removal with the Clerk of this Court on April 13, 1979. The notice and a copy of the petition for removal were mailed to plaintiff's attorney and the Clerk of the Supreme Court, Nassau County, on the same day. Defendant's answer and notice of deposition were served by mail on April 18, 1979. Plaintiff's jury demand was filed with the Clerk of the Court on July 3, 1979, approximately ten weeks later. Following a conference held before the court on August 2, 1979, plaintiff now moves for an order permitting his jury demand to stand or, in the alternative, an order remanding the action to State court. He also seeks leave to serve an amended complaint.

Plaintiff contends the removal was improper because the notice and petition for removal were not served upon his attorney until April 19, 1979, and because defendant failed to obtain an index number upon filing the removal papers in State court. Plaintiff contends that the removal was thus not effective until August 3, 1979, when defendant paid the fee for an index number upon verifying that none had been assigned on the original filing. This clerical oversight, plaintiff concludes, either warrants a remand or a finding that his jury demand of July 3, 1979 is timely. His arguments are not persuasive.

The removal statute requires that the petition for removal of a civil action shall be filed in federal court within thirty days after receipt by the defendant of the initial pleading setting forth the claim for relief upon which the removal is based and that promptly thereafter defendant shall give written notice to adverse parties and shall

file a copy of the petition with the Clerk of the State court, "which shall effect the removal." 28 U.S.C. § 1446(e). Defendant's filing on April 13, 1979, clearly satisfied the requirement of a timely filing in the district court. The question remains whether defendant's conceded failure to effect a proper filing in the State court warrants remand of the action or should be deemed to have extended plaintiff's time within which to file a jury demand as plaintiff urges.

■ The lower courts that have considered whether a defendant's failure to comply with a strict interpretation of § 1446(e) requires a remand have uniformly held such a failure no bar to further federal court proceedings, since the filing with the State court of copies of the notice and petition for removal is a procedural and ministerial act, failure of which does not affect the federal court's jurisdiction. See *Mfrs. & Traders Trust Co. v. Hartford Acc.*, 434 F.Supp. 1053, 1055 (W.D.N.Y.1977); *Hornung v. Master Tank & Welding Co.*, 151 F.Supp. 169 (D.N.D.1957). See also *Fisher v. Exico Co.*, 13 F.R.D. 195 (E.D.N.Y.1952); 1A Moore's Federal Practice ¶ 0.168 [3.–8] (2d Ed. 1979). Thus where, as here, defendant gave prompt notice to plaintiff of the removal proceeding, and the State court (having been given actual notice of the removal) apparently took no action in the matter from the date of the filing of the removal petition in this court, defendant's re-filing of the notice and petition for removal and payment of the fee for an index number in State court operates to effect the removal as of April 13, 1979. Since defendant's initial failure did not divest this court of jurisdiction and at best vested jurisdiction in both State and federal courts until defendant made a proper filing, remand is not warranted. See *Hornung v. Master Tank & Welding Co., supra; Donlan v. F. H. McGraw & Co.*, 81 F.Supp. 599 (S.D.N.Y.1948); 1A Moore's Federal Practice ¶ 0.168 [3.–8] at 510 (2d Ed. 1979).

■ Nor does plaintiff benefit from defendant's failure to obtain an index number by any extension of his time to file a jury demand. The basis for excusing defendant's failure to comply is grounded in the nature of the requirement for State court filing: it is designed to give the State court notice of superseding federal court jurisdiction and to inform it to proceed no further until advised to do so. See *Mfrs. & Traders Trust Co. v. Hartford Acc., supra*, 434 F.Supp. at 1055. Thus, there is no reason to conclude that plaintiff is relieved of obligations under the Federal Rules of Civil Procedure solely by virtue of defendant's wholly unrelated error; relief from plaintiff's apparent waiver of trial by jury cannot be predicated upon a mere succession of procedural irregularities unless he can demonstrate that his own default was specifically induced by defendant or that he was prejudiced in some concrete manner by defendant's conduct. Since plaintiff's excuse—that he was preoccupied with the propriety of the removal and thus neglected to file a jury demand—neither satisfies the above standard nor appears weighty on the facts presented, his request for relief from his waiver must be judged by the rules typically applicable to jury waiver questions.

Rule 38(b), F.R.Civ.P., provides the time in which a party must normally demand a jury trial or waive such a right. It provides in relevant part that:

> "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and *not later than 10 days* after service of the last pleading directed to such issue." (Emphasis supplied.)

Upon application of this rule, plaintiff's jury demand on July 3, 1979, is clearly untimely.

Notwithstanding this apparent waiver, plaintiff implicitly invokes the court's power under Rule 39(b), F.R.Civ.P., to relieve him of his waiver. The rule specifies that:

> "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might

have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

It is settled in this circuit, however, that mere inadvertence is not sufficient ground for the exercise of the court's discretionary power under Rule 39(b). *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2 Cir. 1967). See also *Galella v. Onassis,* 487 F.2d 986, 996–97 (2 Cir. 1973); *Lynch v. Consolidated Rail Corp.,* 76 F.R.D. 147 (S.D.N.Y.1977). Since the "area open to the judge's discretion has shrunk to determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief," *Noonan v. Cunard Steamship Co., supra,* 375 F.2d at 70, plaintiff bears the burden of making such a showing. See *Local 783, Allied Industrial Workers of America v. General Electric,* 471 F.2d 751, 754 (6 Cir. 1973). Our decision is considerably simplified since none of plaintiff's proffered grounds remotely warrants the relief sought. Most assuredly, ignorance of the federal rules does not warrant the court's intervention; "unfamiliarity with the federal rules is not sufficient to excuse noncompliance with Rule 38(b)." *Godfrey v. Pabst Brewing Co.,* 15 F.R.Serv.2d 1309 (E.D.Pa.1972).

Finally, it must be noted that Rule 81(c), F.R.Civ.P.—which governs the procedures to be followed in actions removed to a federal district court—does not aid plaintiff in the circumstances presented. At the time of removal all necessary pleadings had not been served and thus Rule 38 and the normal rules of federal procedure govern the time in which a jury demand must be made. See *Lynch v. Consolidated Rail Corp., supra,* 76 F.R.D. at 148; *McRae v. Arabian American Oil Co.,* 34 F.R.D. 513 (S.D.N.Y.1948). See also 7 Moore's Federal Practice § 81.08, at 81–108 (2d Ed. 1979). Since Rule 81 is inapplicable, we need not decide whether plaintiff is entitled to relief under the analysis adopted by the court in *Higgins v. Boeing Co.,* 526 F.2d 1004 (2 Cir. 1975).

Turning now to plaintiff's request to amend his complaint, leave to amend a complaint under Rule 15(a), F.R.Civ.P., "shall be freely given when justice so requires." This policy of liberality of amendment is subject to certain limitations, however, and leave to amend may be denied on a showing of (1) undue prejudice to the opposing party; (2) undue delay; or (3) futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). See *American Electric Power Co., Inc. v. Westinghouse Electric Corp.,* 418 F.Supp. 435, 442 (S.D.N.Y.1976); *Poloran Products v. Lybrand Ross Bros. & Montgomery,* 72 F.R.D. 556, 560 (S.D.N.Y.1976).

Defendant does not vigorously contest the proposed amendments on any of the above grounds, although it does point out certain deficiencies in plaintiff's theory of prima facie tort and the manner of pleading it. We express no view on whether the proposed amended complaint is subject to dismissable under Rule 12(b)(6), F.R.Civ.P., for failure to state a claim upon which relief can be granted since for present purposes a traditional tort and prima facie tort may be pleaded in the alternative at least as a matter of New York law. See *Board of Education v. Farmingdale Classroom Teachers Association,* 38 N.Y.2d 397, 406, 380 N.Y.S.2d 635, 645, 343 N.E.2d 278, 284 (1975). Thus, in these circumstances, the better course is to permit the amendments, subject of course to defendant's right to move against the complaint at a later time. In view of the already burgeoning cost of this litigation, however, the court would prefer to dispose of motions directed against plaintiff's various theories of recovery after the completion of discovery and at the time of filing of a pre-trial order in this case.[1]

---

1. We have noted on another occasion that "the court will not dismiss the entire action because plaintiff may have asked for more than that to which it may be entitled. Nor will it dismiss part of the complaint because it may develop that one count is improper, since here it is probable that much of the same discovery would be required with or without some of the counts pleaded. *McHugh v. Reserve Mining Co.,* 27 F.R.D. 505 (N.D.Ohio 1961). It follows that the most efficient disposition of this action will

While the amended complaint does not contain a jury demand and thus plaintiff's entitlement to a jury is not technically before the court, we note that permission to file and serve an amended complaint in these circumstances does not give plaintiff a *right* to a jury. The court is inclined to agree with defendant, moreover, that assertion as in this case of a new *theory* of recovery does not constitute the presentation of a new *issue* on which a jury trial should be granted under F.R.Civ.P., Rule 38(b). "Manifestly, the *issue* contemplated by the Rule is one of fact. . . . The *theory* of a case relates to the ultimate basis of liability, rather than to an *issue* created by the pleadings." *Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045, 1050 (9 Cir. 1974) (emphasis in original). Plaintiff's entitlement to a jury in these circumstances is thus highly questionable.

Accordingly, plaintiff's motion for an order remanding the action to State court is denied. His motion for leave to file and serve an amended complaint is granted. Finally, plaintiff's request for an order permitting the untimely jury demand to stand is denied without prejudice to his filing a jury demand after filing and service of the amended complaint, on the condition that any such jury demand be accompanied by a detailed memorandum of law with authority supporting the proposition that plaintiff is entitled to a jury in these circumstances.

SO ORDERED.

be aided by use of pre-trial procedures under Rule 16, F.R.Civ.P., or by judicious use of summary judgment, rather than by an attempt to pare down the action at the pleading stage." *Eye Encounter, Inc. v. Contour Art, Ltd.,* 81 F.R.D. 683, 689 (E.D.N.Y.1979).