■ MARGARET SCHAEFER, Respondent, v CARL SCHAEFER, Appellant.— Order of the Supreme Court, Dutchess County, dated May 15, 1979, affirmed, without costs or disbursements. No opinion. The time within which defendant is to serve his answer is extended until 20 days after service upon him of a copy of the order to be entered hereon with notice of entry thereof. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.

■ JAMES R. SCHAFFER et al., Appellants, v LEONARD EISNER et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Dutchess County, entered July 6, 1978, which is in favor of defendants, upon a jury verdict. Judgment affirmed, with costs. The verdict was supported by credible evidence. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.

■ ANTHONY SICILIANO, Respondent, v MICHELE GRASSO et al., Appellants. (And Another Action.)—In an action to foreclose a mortgage, defendants Michele and Carmela Grasso appeal from a judgment of the Supreme Court, Westchester County, dated April 11, 1979, which after a nonjury trial, was in favor of plaintiff in the sum of $18,493.08. Judgment modified, by deleting therefrom the amount of $18,493.08. As so modified, judgment affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, to recompute the amount of the judgment in light of computation errors that appear in the judgment and an order of the same court, dated June 12, 1979, which deleted $1,500 from the judgment. The judgment of $18,493.08 was a miscalculation. The proper amount of the judgment should be $18,276.12 plus interest from the date of the findings of fact to the date of the judgment (March 20, 1979 to April 11, 1979), less the attorneys' fees of $1,500 excluded by Mr. Justice Dachenhausen's order dated June 12, 1979. Mangano, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ WILLIAM SILVERMAN et al., Appellants, v JEFFREY SCHARF et al., Respondents.—In an action for dental malpractice, plaintiffs appeal from so much of an order of the Supreme Court, Queens County, dated July 5, 1979, as denied their motion to strike the second affirmative defense in defendants' answer. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and plaintiffs' motion to strike the second affirmative defense granted. The default notice required by CPLR 305 (subd [b]) to accompany a summons served without a complaint does not limit the amount which may be demanded in the complaint once the defendant appears in the action (Everitt v Everitt, 4 NY2d 13). Therefore, Special Term erred in holding that the complaint, served after defendants' appearance, could demand no greater monetary damages than the sum stated in the original summons with notice. Hopkins, J. P., Lazer, Margett and Weinstein, JJ., concur.