Yaw Yoorhis, J.
This action' was commenced against a nonresident of New York State by the service of a summons and notice upon the defendant while she was temporarily within this State. The' defendant- appeared generally, demanding that a copy of the complaint and all other papers be served on her attorneys. The complaint was served in due time áfter the notice of appearance, but, instead of being confined to a contract cause of action for $46,900, as the notice served with the summons under rule 46 of the Pules of Civil Practice had indicated, this- turned out to be only the first cause of action, combined with two other causes of action not disclosed by the notice, one for $1,500 on another contract, and the other for $350^000 for libel. Defendant had left this State when the complaint was served.
Defendant then moved under section 237-a of the Civil Practice Act to strike from the complaint the second and third causes of action, “ on the ground that defendant is not a person subject to the jurisdiction of this Court as to said causes of action.” This motion was granted at Special Term on the ground that other causes of action could not be pleaded in addition to the cause of action mentioned in the notice, if the defendant were no longer subject to the jurisdiction of the State at the time when these additional causes of action were interposed. The Appellate Division reversed and denied defendant’s motion to dismiss the second and third causes of action on the theory that after a complaint had been served, the notice attached to the summons was no longer effectual. We think that this ruling is correct.
*16 It may well be that if an action has been commenced against a nonresident by the service of a summons and complaint, the complaint cannot be amended by adding new causes of action after the defendant has left the State (Pennoyer v. Neff, 95 U. S. 714; Chapman v. Chapman, 284 App. Div. 504; Restatement, Judgments, § 5, comment g). Moreover, if defendant-appellant had defaulted in appearing in this action after the service of the summons with notice, judgment could not have been entered against her by default on any other cause of action or for more than the amount specified in the notice served with the summons under rule 46 (Thomas v. First Nat. Bank of Lisbon, 263 App. Div. 476, 478).
Nevertheless, the law has long been established in this State that such a notice is effectual only in case of default, that its object is to enable judgment by default to be entered by the clerk without application to the court (Civ. Prac. Act, §§ 486-487), and that “if the defendant appears the notice at once is rendered of no importance. No judgment can be taken against the defendant then until a complaint has been served upon him, and his liability and the rights of the plaintiff are measured entirely by the allegations of the complaint.” (Sharp v. Clapp, 15 App. Div. 445, 447.) This conclusion is supported by the language of rule 46 which limits the function of such a notice served with the summons to “ stating the sum of money for which judgment will be taken in case of default.” (Italics supplied.) Except in case of default, the notice is not equivalent to “ a short * * * complaint” (cf. Seeley v. Greene, 139 Misc. 90, 92), and loses its vitality when the defendant fails to default by appearing in the action. Defendant-appellant could have demanded a copy of the complaint under the language of section 257 of the Civil Practice Act, ‘ ‘ notwithstanding that the defendant may not have made either a general or a special appearance in the action.” If, after receiving a copy of the complaint, defendant-appellant had chosen to contest the jurisdiction of the court over her person or the subject matter with respect to some but not all of the causes of action, she could have done so under section 237-a of the Civil Practice Act. Quite possibly in appearing generally the defendant assumed that the notice served with the summons would limit the causes of action which plaintiff could assert, but our deci *17 sion must be unaffected by this assumption inasmuch as it is at variance with the law of the State (McCoun v. New York Central & H. R. R. R. Co., 50 N. Y. 176; Sharp v. Clapp, supra; Horton v. La Due, 59 How. Prac. 454; 3 Carmody-Wait on New York Practice, pp. 127-128). In Carmody-Wait, above cited, the textwriters state: “If the action is brought for any other cause, the notice is entirely useless, and if a complaint is served either with a summons or after an appearance by the defendant, the notice is at once rendered of no importance except as an admission, for the defendant in such case acquires more full and perfect knowledge of the cause of action and the consequences of a default than he could get from the summons with notice. So, where the defendant appears in the action and a complaint is served upon him, it is immaterial that the complaint sets up a cause of action for conversion, or one otherwise not within the statutory provision relating to the notice. And likewise, where a complaint is served with a summons and notice, it does not matter that the notice is in the wrong form. ’ ’
By interposing a general appearance, defendant waived her objection to jurisdiction of her person and foreclosed her subsequent effort to move specially (Wolfe v. Blackman, 79 App. Div. 977; Reed v. Chilson, 142 N. Y. 152; Garvin v. Garvin, 302 N. Y. 96, 103). Under section 255 of the Civil Practice Act, the complaint may contain “ A statement of each cause of action ” which the plaintiff has, and this is true notwithstanding that the action has been commenced by the earlier service of a summons without a complaint. This right is not circumscribed or eliminated by the service of a notice with the summons except in ease of default. There being no default, it is as though the notice had not been served.
The order of the Appellate Division is affirmed, with costs. The first question certified is answered in the affirmative and the second question certified is answered in the negative.