MANUFACTURERS AND TRADERS
TRUST COMPANY, Plaintiff,

v.

HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, Defendant.

Civ–76–544.

United States District Court,
W. D. New York.

July 12, 1977.

Hodgson, Russ, Andrews, Woods & Good-
year, Buffalo, N.Y. (Richard A. Goetz, Buf-
falo, N.Y., of counsel), for plaintiff.

McGrath, Meyer, Lieberman & Lipp, P.
C., Buffalo, N.Y. (Howard L. Meyer, Buffa-
lo, N.Y., of counsel), for defendant.

CURTIN, District Judge.

Plaintiff Manufacturers and Traders
Trust Company [hereinafter M & T], a New

York corporation, began the present action against defendant Hartford Accident and Indemnity Company [hereinafter Hartford], a Connecticut corporation, in the Supreme Court of New York State, Erie County. The defendant removed the action from the New York State court to this court with jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. The plaintiff now brings a motion to remand to New York State Supreme Court pursuant to 28 U.S.C. § 1446.

In the present case M & T seeks a declaration of its right to recovery on its fidelity bond with Hartford to cover possible damages arising out of another suit brought against M & T by Val-Kro, Inc. The latter suit, which originated in December 1975, deals with an alleged conspiracy to defraud Val-Kro and the negligence of M & T in failing to discover the forgeries and fraud involved. On April 15, 1976, M & T filed a proof of loss with Hartford. M & T alleges that contrary to express coverage under its bankers blanket bonds, Hartford has not offered to defend and has disclaimed liability in the Val-Kro actions.

Plaintiff thereafter initiated the instant action against defendant Hartford seeking a declaratory judgment of defendant's responsibility under the bonds for any loss sustained by plaintiff in the suit by Val-Kro and a direction to pay any amount for which plaintiff is found liable in that suit. On June 21, 1976 plaintiff served a summons with notice on the defendant. The notice stated the object of the action to be "recovery on fidelity bond regarding various frauds, forgeries, and other misdeeds in connection with Val-Kro Inc." The defendant served its notice of appearance and a demand for a complaint on August 10, 1976. The complaint was received by the defendant on November 3, 1976. On November 11, 1976 the defendant filed a petition for removal and a removal bond in this court and served on the plaintiff a copy of the removal petition, along with written notice that the petition had been filed in the United States District Court. On that day defendant also filed a copy of the civil cover sheet of the federal action with the Clerk of

New York State Supreme Court, Erie County. On January 5, 1977 defendant filed a copy of the petition for removal with the Supreme Court Clerk and plaintiff filed a notice of motion to remand.

Plaintiff claims the action must be remanded because the defendant has failed to comply with the requirements of the removal statute, 28 U.S.C. § 1446, namely, that the petition for removal must be filed in federal court within thirty days from the "initial pleading" and that a copy of the petition must be filed promptly thereafter with the New York State Supreme Court. Plaintiff also asks the court to exercise its discretion to remand the action because of the pendency in New York State court of the related suit by Val-Kro, so that on remand the two actions may be consolidated.

§ 1446(b) states that the petition for removal must be filed within thirty days after receipt by the defendant of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." While the defendant here filed the petition for removal in this court within thirty days from the date it received the complaint, plaintiff argues that the "initial pleading" in this case is not the complaint, but rather the summons with notice served on defendant June 21, 1976. Plaintiff therefore claims the removal petition was not filed within the time limit mandated by the statute.

Plaintiff's position is that under New York law a summons when served with notice constitutes an initial pleading. However, a review of both state and federal law indicates that plaintiff's argument must fail. In New York the summons with notice is not recognized as a pleading under the definition section, CPLR 3011. Furthermore, the Court of Appeals has established that aside from cases of default, the notice has no legal effect. *See Everitt v. Everitt*, 4 N.Y.2d 13, 171 N.Y.S.2d 836, 148 N.E.2d 891 (1958). Meanwhile, the federal courts have uniformly held that a summons or similar writ is not an "initial pleading"

within the meaning of § 1446(b). Annot., 15 A.L.R. Fed. 735 (1976). These decisions find that a complaint or equivalent document is envisioned by the statutory language. *See, e. g., Ardison v. Villa*, 248 F.2d 226 (10th Cir. 1957), *Jacobs v. Manning Mfg. Co.*, 171 F.Supp. 393 (S.D.N.Y.1959). The objective of the statutory language is to have uniformity nationwide as to the period in which petitions for removal are to be filed, *Richlin Adv. Corp. v. Central Florida Broadcast*, 122 F.Supp. 507, 509 (S.D.N.Y.1954), and to enable the defendant to intelligently ascertain removability from the face of the initial pleading. *Ardison, supra* at 227. Based upon the uniform precedents, I find that the summons with notice in this case provided insufficient information to qualify as an initial pleading under the statute. By filing its petition for removal within thirty days of service of the complaint, defendant has complied with the requirement of § 1446(b).

The plaintiff next argues for remand on the ground that the defendant has not complied with 28 U.S.C. § 1446(e), requiring that "[p]romptly after the filing of . . . petition and bond the defendant . . . shall file a copy of the petition with the clerk of the state court, which shall effect the removal." A copy of the petition was not filed with the clerk of the New York State Supreme Court until 45 days after the petition for removal was filed. Since a copy of the federal court civil cover sheet was filed in state court the same day the removal petition was filed in this court, and since the state court took no action during the 45 days, defendant urges that there has been substantial compliance with subsection (e).

■ Generally speaking, the requirements of subsection (e) must be complied with before removal is effective. 1A MOORE'S FEDERAL PRACTICE ¶ 0.168[3.–8], at 505. In specifying these conditions, I must presume that Congress intended to require compliance. However, the word "promptly" has not been construed to mean simultaneously. *Barrett v. Southern Railway Co.*, 68 F.R.D. 413, 422 (D.C.S.C.1975). Furthermore, the filing of a copy of the petition for removal is a procedural and ministerial act, failure of which does not defeat the federal court's jurisdiction. *See Hornung v. Master Tank & Welding Co.*, 151 F.Supp. 169 (D.C.N.D. 1957); *Master Equipment, Inc. v. Home Insurance Co.*, 342 F.Supp. 549 (E.D.Pa.1972).

Essentially the filing of a copy of the removal petition in state court informs that court that it should not proceed further with the case. *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 203 F.Supp. 434 (S.D.Tex.1962), *aff'd*, 325 F.2d 206 (5th Cir. 1963). In fact, in this case no further proceedings were taken by the state court after filing of the federal cover sheet by the defendant.

■ Defendant has failed to comply with a strict interpretation of the § 1446(e) requirement. However, while defendant's admitted negligence in complying with the statute cannot readily be excused, it should not stand as a bar to further proceedings. The prompt notice of filing given to the plaintiff operates as a "saving factor" in this instance. *See Master Equipment, Inc. v. Home Insurance Co., supra.*

■ Finally, I must reject the plaintiff's argument that the court should use its discretionary power to remand this case to be consolidated with the other state court proceedings. The Supreme Court in its recent decision, *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), has clearly established that remand may be granted only within the express directive of § 1447(c) that the cause was removed "improvidently and without jurisdiction." 423 U.S. at 344–345 n. 9, 96 S.Ct. 584. Clearly the court has diversity jurisdiction and therefore has no discretion to remand for other reasons. The cases cited by plaintiff for remand are all distinguishable from the present case.

The motion for remand is denied.

So ordered.