**Charles E. JORDAN, Plaintiff,**

v.

**DEPARTMENT OF PUBLIC WORKS, St. Louis County, et al., Defendants.**

**No. 80–1185C(4).**

United States District Court,
E. D. Missouri, E. D.

Nov. 20, 1980.

---

**320**

Charles E. Jordan, pro se.

Karen C. Moculeski, St. Louis, Mo., for defendants.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on defendants' joint motion to dismiss or, in the alternative, motion for more definite statement or, in the alternative, motion to strike. For the reasons stated below, defendants' motion to dismiss will be granted.

Plaintiff brings this employment discrimination action pro se, seeking to recover damages and injunctive relief based on defendants' alleged failure to consider him for a promotion. Plaintiff alleges that defendants (1) never told plaintiff the procedures for securing a promotion; (2) never properly evaluated plaintiff's job performance; (3) never informed plaintiff of the results of interviews; and (4) never gave plaintiff "Proper Respect For Being A Man Or Being A Good Worker [sic]."

Defendants now jointly move the Court to dismiss plaintiff's complaint, asserting that this Court lacks subject matter jurisdiction.

 A pro se complaint must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 99, 97 S.Ct. 285, 288, 50 L.Ed.2d 251 (1976). Even under the most liberal construction, the Court finds that plaintiff's claims of discrimination are chimerical. Plaintiff vaguely alleges that

  A.  A Woman Who Was Not Capable of Running The Job was Made My Forman, *Not Once, But Twice* [emphasis in original]

  B.  New People From The Outside Were Gave Certain Positions That Didn't Qualify, When People Inside The Program Who Qualified, But Were Never Considered, People Who Were Struggling To Maintain A Certain Foundation So They Might Accomplish This Achievment

  C.  Revealing Statements Used In Certain Ways To Make It Look Like I Was The Perpentrator, When I Being Perpentrated Against [sic]

The Court concludes "beyond doubt" that plaintiff will be unable to prove a set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Therefore, defendants' joint motion to dismiss will be granted. This cause is dismissed without prejudice.