E.W. HOWELL CO., INC., Plaintiff,

v.

UNDERWRITERS LABORATORIES, INC., Defendant.

No. 84 Civ. 2215.

United States District Court,
E.D. New York.

Nov. 8, 1984.

Gordon, Hurwitz, Butowsky, Weitzen, Shalov & Wein, New York City, for defendant.

Semel, Boeckman & Skydel, New York City, for plaintiff.

MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiff originally commenced this contract action in New York State Supreme

Court, Suffolk County. On May 16, 1984, defendant petitioned to remove the action to this Court on the basis of diversity. Plaintiff now moves to remand this action to state court on the grounds that defendant's petition for removal was untimely. Plaintiff's motion to remand is hereby denied.

*Background*

Plaintiff commenced this action on March 7, 1984 by serving defendant with a "Summons with Notice," but no complaint, as permitted by the New York Civil Practice Law and Rules. CPLR §§ 304, 305. The summons briefly stated plaintiff's claim.[1]

On or about March 23, 1984, defendant served plaintiff with a notice of appearance and demand for the complaint. On or about April 16, 1984, plaintiff served the complaint on defendant. Defendant filed a petition for removal to this Court on May 16, 1984.

Subsequent to removal, the parties engaged in a variety of acts concerning this case: (1) they entered into two stipulations extending plaintiff's time to respond to the complaint; (2) defendant served its answer; (3) plaintiff received an extension of time to respond to defendant's answer and counterclaims; (4) plaintiff served a reply to the counterclaims. On August 14, 1984, a status conference was held before this Court at which time plaintiff first indicated that it intended to move to remand this case to state court. Plaintiff was directed to serve any such motion by September 25, 1984. Plaintiff served the present motion by mail on September 26, 1984.

*Discussion*

Plaintiff simply asserts, without citing any authority, that defendant's petition to remove was untimely because it was filed more than thirty days after service of the Summons with Notice. The only cases cited in plaintiff's memorandum stand for the proposition that exceptions to the requirement of the removal statute should be narrowly construed. The removal statute provides that

> [t]he petition for removal ... shall be filed within thirty days after receipt by defendant ... of a copy of the *initial pleading* setting forth the claim for relief upon which such action is based....

28 U.S.C. § 1446(b) (emphasis added).

Defendant challenges plaintiff's motion on two grounds. First, defendant contends that the "initial pleading" in this matter is the Complaint, not the Summons with Notice, and therefore the petition for removal was timely filed within 30 days of service of the complaint. Second, defendant contends that plaintiff, by its actions before this Court, waived an objection to the allegedly untimely petition for removal.

**A. "Initial Pleading"**

There are two cases decided by federal district courts in New York that are factually on "all-fours" with the present case, but reach completely opposite results.[2] In *Manufacturers and Bankers Trust Co. v. Hartford Ins. and Indemnity Co.*, 434 F.Supp. 1053 (W.D.N.Y.1977), plaintiff commenced an action in a New York state court by filing a Summons with Notice that briefly stated the subject matter of the action. Defendant's petition for removal was filed within thirty days after service of the complaint, but more than thirty days after service of the summons. The court held that the complaint was the "initial pleading" for purposes of removal, and that the petition for removal was therefore timely. *Id.* at 1055. The court reasoned that (1) the "Summons with Notice" is not a "pleading" as defined in CPLR 3011; (2) the "Notice" has no legal effect except in

---

1. The Notice portion of the summons stated: Notice: The nature of this action is breach of contract; foreclosure of mechanic's lien. The relief sought is judgment of lien foreclosure; money damages.
   Upon your failure to appear, judgment will be taken against you by default for the sum of

$321,846.00 with interest from January 3, 1984 and the costs of this action.

2. *DiMeglio v. Italia Crociere Internazionale,* 502 F.Supp. 316 (S.D.N.Y.1980); *Manufacturers and Traders Trust Co. v. Hartford Ins. and Indemnity Co.,* 434 F.Supp. 1053 (W.D.N.Y.1977).

cases of default; and (3) the federal courts have "uniformly held that a summons or similar writ is not an 'initial pleading' within the meaning of § 1446(b)." *Id.* at 1054–55.

In *DiMeglio v. Italia Crociere Internazionale*, 502 F.Supp. 316 (S.D.N.Y.1980), the court held that a "Summons with Notice" was the initial pleading for purposes of the removal statute, and therefore ordered a remand to a New York state court because defendant had filed a petition for removal more than thirty days after service of the summons. This case involved an essentially identical factual situation as *Manufacturers*, with the additional fact that the defendant had ascertained the plaintiff's state of residence by a telephone call made after the complaint was served. The court reasoned that the "Notice" in the summons, a brief statement of the claim, performed the function of "modern notice pleading," and therefore constituted the "initial pleading" for purposes of the removal statute. The court attempted to distinguish *Manufacturers* on the grounds that *Manufacturers* was decided before CPLR § 305(b) was amended to require that a summons served without a complaint contain a notice stating the nature of the action and relief sought. *Id.* at 318. The prior version of CPLR § 305(b) merely permitted the attachment of such a notice to a summons.

I believe that *Manufacturers* represents the better view. First, the attempt to distinguish *Manufacturers* in *DiMeglio* is not persuasive—in both cases the plaintiffs commenced the action by serving a Summons with Notice that briefly stated the claim, even though the CPLR did not require such notice at the time *Manufacturers* was decided.

Second, the result in *DiMeglio* seems contrary to the legislative intent of both the federal removal statute and the CPLR pleading rules. The legislative history of 28 U.S.C. § 1446(b) indicates that the statute was specifically designed to make the service of a complaint, not the service of a summons without a complaint, the triggering event for the time limits on filing removal petitions. Prior to 1949, § 1446 required that a petition for removal be "filed within twenty days after commencement of the action or service of process, whichever is later." 28 U.S.C. § 1446(b) (1948), *quoted in* 1A Moore's Federal Practice, ¶ 168[3.–5–2], at 575. Section 1446(b) was amended to its present form in 1949.[3] The House Report accompanying the 1949 amendment stated that the old [pre-1949] statute

> has been found to create difficulty in those States, such as New York, where suit is commenced by the service of a summons and the plaintiff's initial pleading is not required to be served or filed until later.
>
> The first paragraph of the amendment to subsection (b) corrects this situation by providing that the petition for removal need not be filed until 20 days after the defendant has received a copy of the plaintiff's initial pleading.

HR Rep. No. 352, 81st Cong., 2d Sess., *reprinted in* 1949 U.S.Code Cong. & Admin.News, 1248, 1254, 1268. Thus § 1446(b) was intended to treat the service of a complaint, not the service of a summons without complaint, as the "initial pleading" for marking the time period for removal.

The New York CPLR likewise indicates that the complaint is the initial pleading. CPLR § 3011, entitled "Kinds of Pleadings," states that "[t]here shall be a complaint and an answer," but does not list a "Summons with Notice" as a pleading. The Practice Commentaries to that section explain that the section "set[s] forth what pleadings there shall be," C3011:1 (McKinneys 1974), and that the *"initial pleading in an action is of course the plaintiff's complaint."* C3011:2 (McKinneys 1974) (emphasis added). The Practice Commentaries to CPLR § 305(b), the section which requires that a "notice" be attached to any summons served without a complaint, indi-

---

**3.** A 1965 amendment to § 1446(b) merely extended the filing period to thirty days. The 1949 amendment provided that the filing period was twenty days.

cate that the notice requirement was designed to facilitate default judgments. C305:3–1978 (McKinneys, Supp.1983). The Practice Commentaries do not indicate that the "notice" is otherwise to be treated as a pleading or have any other legal effect.

Lastly, the decision in *DiMeglio* appears to contradict the implication in § 1446(b) that the pleading triggers the time period for a removal only if the grounds for removal appear in the pleading itself. In *DiMeglio*, the court rejected defendant's argument that the Summons with Notice did not mark the time period because it did not indicate removability on its face. In the present case, plaintiff specifically crossed out the printed designation of plaintiff's "residence" on the summons form and substituted the words, "business address." Plaintiff has offered no explanation for this alteration of the form. It was thus impossible for defendant to determine removability, on diversity grounds, from the face of the summons. Section 1446(b) provides that "[i]f the case stated by the initial pleading is not removable," a removal petition may be filed within thirty days after receipt by the defendant of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is removable." The clear implication of this section is that an "initial pleading" is a document from the face of which a defendant can "intelligently ascertain removability ...." *Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir.1957); *Manufacturers*, 434 F.Supp. at 1055. This conclusion is buttressed by defendant's persuasive public policy argument that, requiring removal within thirty days of receipt of a Summons with Notice from which removability cannot be ascertained, "could give rise to cases of unwarranted removal, resulting in unnecessary, wasteful litigation and expense in the Federal Court." Defendant's Memorandum at 7.

For the above reasons, I am persuaded by the decision in *Manufacturers* and hold that plaintiff's complaint was the "initial pleading" for purposes of § 1446(b), and that, therefore, defendant's petition for removal was timely. Accordingly, the plaintiff's motion to remand is denied.

In light of the foregoing, it is not necessary to address defendant's contention that plaintiff waived the right to object to defendant's allegedly untimely petition for removal.

SO ORDERED.