**VILLAGE OF WELLSVILLE, Plaintiff,**

v.

**ATLANTIC RICHFIELD COMPANY,
a/k/a ARCO, Defendant.**

No. CIV–84–1327C.

United States District Court,
W.D. New York.

May 8, 1985.

Harris, Beach, Wilcox, Rubin & Levey, Rochester, N.Y. (Alan J. Knauf, Rochester, N.Y., of counsel), for plaintiff.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y. (David K. Floyd, Buffalo, N.Y., of counsel), for defendant.

CURTIN, Chief Judge.

Plaintiff originally initiated this action in the Supreme Court of the State of New York, Allegany County. Defendant removed the suit to this court on the basis of the court's diversity jurisdiction. Plaintiff seeks a remand to state court, challenging not the jurisdictional basis, but claiming that the petition for removal was prematurely filed.

Defendant filed its petition for removal on November 20, 1984, approximately 26 days after it was served with a summons and notice. No complaint had been served, nor had one been served at the time of submission of this motion for decision.

Plaintiff cites 28 U.S.C. § 1446(b), which provides that a

> petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such action ... is based ....

(Emphasis added.)

Plaintiff relies on this court's decision in *Manufacturers and Traders Trust v. Hartford Accident and Indemnity Co.*, 434 F.Supp. 1053 (W.D.N.Y.1977). In that case, defendant filed its petition to remove within 30 days after the complaint was served, but more than 30 days after the summons and notice were received. Plaintiff claimed that the petition was filed too late, since the summons and notice consti-

tuted an "initial pleading." This court rejected plaintiff's argument, saying:

> ... I find that the summons with notice in this case provided insufficient information to qualify as an initial pleading under the statute. By filing its petition for removal within thirty days of service of the complaint, defendant has complied with the requirement of § 1446(b).

*Id.* at 1055.

In 1980, Judge Knapp of the Southern District of New York was faced with the same question—whether a petition for removal filed within 30 days of the complaint but more than 30 days after the service of summons with notice was timely. Judge Knapp, however, found that the summons with notice constituted an "initial pleading" and granted the plaintiff's motion for a remand. *DiMeglio v. Italia Crociere Internazionale*, 502 F.Supp. 316 (S.D.N.Y. 1980).

Shortly after this court's decision in *Manufacturers* and before Judge Knapp's decision, Section 305(b) of New York's Civil Practice Law and Rules was amended. Before the amendment, the service of a notice describing the case with the summons was optional. The amended section 305(b), which became effective January 1, 1979, requires that summons served without complaints *"shall* contain or have attached thereto a notice stating the nature of the action and the relief sought." (Emphasis added.)

Based on this amendment, Judge Knapp found that a summons will now provide plaintiff with as much information bearing on removability as does a complaint. *Di-Meglio,* at 318.

Both these cases were recently reviewed by Judge Glasser of the Eastern District of New York. Judge Glasser was confronted with a factually similar situation and chose to follow this court's decision in *Manufacturers,* holding that the complaint was the initial pleading for the purposes of section 1446(b). *E.W. Howell Co., Inc. v. Underwriters Laboratories,* 596 F.Supp. 1517 (E.D.N.Y.1984).

In New York, the notice accompanying a summons is not recognized as a pleading. CPLR § 3011. Before the amendment to CPLR § 305(b), the notice had no legal effect except in cases of default. *Everitt v. Everitt,* 4 N.Y.2d 13, 171 N.Y.S.2d 836, 148 N.E.2d 891 (1958). And, as plaintiff points out, the legislative history accompanying the amendment reveals that it was primarily intended to enable plaintiffs to take a default judgment. The notice, however, now has an additional legal effect—a summons served with neither notice nor complaint is jurisdictionally defective. *Parker v. Mack,* 61 N.Y.2d 114, 472 N.Y.S.2d 882, 460 N.E.2d 1316 (1984).

State law, however, is not alone determinative of whether a document qualifies as an initial pleading for the purposes of 28 U.S.C. § 1446(b).

Section 1446(b) provides two different methods for determining the date on which defendant has received adequate notice of the action and hence the date on which the time period for seeking removal begins to run; the statute specifies that the method producing an earlier termination of the removal period shall be used. According to the first measuring procedure, the time period begins to run when defendant receives a copy of the "initial pleading." Since the purpose of the provision is to ensure that defendant will have adequate information on which to judge the availability and desirability of removal, a summons or similar writ that does not set forth the nature of the claim for relief against him, is not a "pleading" and does not commence the time period. As Judge Murrah noted in Ardison v. Villa, which held that the time period runs from the receipt of the complaint rather than the initial summons:

> The manifest purpose of starting the period for removal from the date of the service of the "initial pleading" is to enable the defendant to intelligently ascertain removability from the face of such initial pleading, so that in his petition for removal, he can make a

"* * * short and plain statement of the facts which entitle him or them to removal * * *" as required by 28 U.S.C. § 1446(a).

Wright, Miller and Cooper, *Federal Practice and Procedure*, Vol. 14A, pp. 516–17 (1985), *citing Manufacturers*, 434 F.Supp. 1053 (footnotes omitted).

The treatise went on to say that even when a defendant seeks removal before receiving an "initial pleading," the petition will not be denied simply because it is too early. The defendant, however, might have difficulty in stating why he is entitled to remove in the absence of a complaint. *Id.* at 519.

In view of the above and the statute itself, it seems clear that Congress intended to protect defendants from being barred by the 30-day limit before they had a fair opportunity to determine whether the case was removable. (*See* the second paragraph of § 1446(b) which provides that, if the case stated by the initial pleading is not removable, a petition can be filed within 30 days after receipt by defendant of the first paper from which it can be ascertained that the case is removable.) Prompt removal is also a goal, as is apparent by the mandatory 30-day time limit.

As Judge Knapp pointed in *DiMeglio*, 502 F.Supp. 316, the requirements imposed by the new CPLR § 305(b) are in harmony with modern notions of notice pleading. The notice must state the nature of the action and the relief sought. This will frequently provide defendants with enough information to determine whether the case is removable.

Of course, there will be cases in which removability is not ascertainable from the summons with notice. For example, as plaintiff points out, complex claims which touch upon federal statutes or causes of action may not be apparent from the summons with notice. Additionally, plaintiffs might not specify their residency in terms which would enable defendants to determine whether there is diversity.

In *Manufacturers*, plaintiff bank listed its residence as Erie County but did not say where it was incorporated. In *E.W. Howell Co. v. Underwriters Laboratories*, 596 F.Supp. 1517, Judge Glasser emphasized that plaintiff did not include its residence in the summons with notice, making it "impossible to determine removability, on diversity grounds, from the face of the summons." *Id.* at 1520.

There is no such ambiguity in the instant case. Plaintiff's residence was clear on the face of the summons, since plaintiff is a municipality. Its notice told defendant that the civil action sought damages for $50,000,000, well in excess of the $10,000 minimum for diversity jurisdiction. Immediately on receipt of the summons with notice in this case, defendant knew the nature of the action and that it could be properly removed. As such, there was sufficient information in the summons with notice in this case to constitute an initial pleading for purposes of section 1446(b).

In *DiMeglio*, 502 F.Supp. 319, Judge Knapp noted that the residence of the plaintiff for diversity purposes was not apparent from the face of the summons. However, he held that defendant should have ascertained plaintiff's residence within 30 days of receiving the summons. For resolution of this case, it is not necessary to determine the propriety of placing the burden on defendant when removability is not clear from the face of the summons and notice. The court declines to do so.

The action was properly removed. Plaintiff's motion to remand is denied.

The court notes that there is another action pending on this docket between the same parties on the same facts but involving federal causes of action. *Village of Wellsville v. Atlantic Richfield Co., d/b/a ARCO*, CIV–84–1196C. There will be a telephone conference to discuss the status of both cases on May 29, 1985, at 1:30 p.m.

So ordered.