**Agnes F. DAY, Plaintiff,**

v.

**ZIMMER INC., Successor to Zimmer, U.S.A., Defendant.**

No. 86–CV–197.

United States District Court,
N.D. New York.

June 16, 1986.

King, Murphy, Adang & Arpey (Martin W. Pozefsky, of counsel), Saratoga Springs, N.Y., for plaintiff.

Friedman, Maksail, Hirschen & Miller (Daniel T. Gullotti, of counsel), Schenectady, N.Y., for defendant.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

On August 8, 1985, this action was commenced pursuant to New York Business Corporation Law § 306 (McKinney Supp. 1986). The defendant corporation was served, by service of a "Summons with Notice," upon the Secretary of State. No complaint was served at that time, however. On approximately August 28, 1985, defendant served upon plaintiff's attorney a Notice of Appearance and Retainer. On September 12, 1985, the corporate defendant was once again served with a "Summons with Notice" by personal service upon defendant's Vice-President/Corporate Counsel. No complaint accompanied that summons either. The "Summons with Notice" did state, however, that plaintiff resided in New York; that defendant's address was in Indiana; and that the relief

sought was $250,000.00. Finally, plaintiff served defendant with a complaint on January 29, 1986.

On February 28, 1986, within thirty days of being served with the complaint, but *not* within thirty days of service of the "Summons with Notice," defendant filed a petition of removal to this court pursuant to 28 U.S.C. § 1446(b) (1973). Plaintiff now seeks to remand this action to State Supreme Court.

### DISCUSSION

Section 1446(b) provides:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (1973). The issue presented by this motion is whether a "Summons with Notice" constitutes an "initial pleading" within the meaning of the statute.

Plaintiff simply asserts, without citing any authority, that defendant's petition for removal was untimely because it was filed more than thirty days after service of the "Summons with Notice." Plaintiff contends the removal petition was untimely even if the time is calculated from the date of service of the second "Summons with Notice," on September 12, 1985.

Defendant cites two district court cases where the court held that it is the complaint, and not the "Summons with Notice," which constitutes an initial pleading within the meaning of the statute. In *Manufacturers and Traders Trust v. Hartford Accident and Indemnity Co.*, 434 F.Supp. 1053 (W.D.N.Y.1977), a case nearly identical to the present one, the court reasoned that (1) the "Summons with Notice" is not a "pleading" as defined in N.Y.Civ.

Prac.Law § 3011; (2) the "Notice" has no legal effect except in cases of default; and (3) the federal courts have "uniformly held that a summons or similar writ is not an 'initial pleading' within the meaning of § 1446(b)." *Id.* at 1054–55.

Relying upon *Manufacturers*, the court in *E.W. Howell Co. v. Underwriters Laboratories*, 596 F.Supp. 1517 (E.D.N.Y. 1984), reached the same result. In reaching its decision, the *Howell* court also relied upon the legislative history of 28 U.S.C. § 1446. Specifically:

The House Report accompanying the 1949 amendment stated that the old [pre 1949] statute has been found to create difficulty in those States, such as New York, where suit is commenced by the service of a summons and the plaintiff's initial pleading is not required to be served or filed until later.

The first paragraph of the amendment to subsection (b) corrects this situation by providing that the petition for removal need not be filed until 20 days after the defendant has received a copy of the plaintiff's initial pleading.

*Howell*, 596 F.Supp. at 1519 (*citing* HR Rep. No. 352, 81st Cong., 2d Sess., *reprinted in* 1949 U.S.Code Cong. & Admin.News, 1248, 1254, 1268.) Based upon that, the *Howell* court concluded "§ 1446(b) was intended to treat the service of a complaint, not the service of a summons without complaint, as the 'initial pleading' for making the time period for removal." *Id.* The *Howell* court did note, however, that the "clear implication" of § 1446(b) is that an "initial pleading" is a "document from the face of which a defendant can intelligently ascertain removability." *Id.* at 1520, *citing Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir.1957). In *Howell*, the defendant could not "intelligently ascertain removability" because the plaintiff's residence was not evident on the "Summons with Notice."

In addition to the authority cited by defendant, there are two other district court cases reaching the opposite result. In *DiMeglio v. Italia Crociere Internazionale,*

502 F.Supp. 316 (S.D.N.Y.1980), the court held that a "Summons with Notice" was the initial pleading for purposes of the removal statute. The court reasoned that the "Notice" in the summons, a brief statement of the claim, performed the function of "modern notice pleading," and therefore constituted the "initial pleading" for purposes of § 1446(b). The result in *DiMeglio* was somewhat harsh in that the plaintiff's residence was not apparent from the face of the "Summons with Notice," but the court stated that the defendant should have ascertained that fact within thirty days of receipt of the summons.

Finally, in the most recent decision in the Second Circuit on this issue, the court in *Village of Wellsville v. Atlantic Richfield Co.*, 608 F.Supp. 497 (W.D.N.Y.1985), held that the case was properly removed to federal court *before* service of the complaint because the "Summons with Notice" had sufficient information to constitute an initial pleading for purposes of § 1446(b). In *Wellsville*, there was no ambiguity in the "Summons with Notice." Plaintiff's residence was clear on the face of the Summons because plaintiff was a municipality. The Notice indicated to the defendant that the amount of damages sought were well in excess of the $10,000 minimum for diversity jurisdiction. Therefore, removability was easily ascertainable from the "Summons with Notice."

Although there is a split of authority making this a close call, this court finds that the "intelligently ascertain removability" standard is a sound one by which to determine whether a "Summons with Notice," or any other pleading, constitutes an "initial pleading" within the meaning of § 1446(b). That standard is a flexible one in that if the "Summons with Notice" does not adequately apprise the defendant of the necessary facts to determine removal, the defendant's time to remove would not be triggered by service of that pleading. Instead, the time would begin to run when the defendant was made aware of those facts; presumably by service of a subsequent pleading from which a defendant could "intelligently ascertain removability."

Use of that standard best serves the goals of § 1446(b), which are (1) to protect defendants from being barred by the thirty-day limit before they have had a fair opportunity to determine whether the case is removable; and (2) prompt removal, as is apparent by the thirty-day limit. *Wellsville*, 608 F.Supp. at 499.

Based on the foregoing, plaintiff's motion is granted because the "Summons with Notice" did provide defendant with the facts necessary to determine removal. Specifically, the "Summons with Notice" set forth the plaintiff's residence; the amount in controversy—$250,000, which obviously exceeds the requisite $10,000 required for diversity jurisdiction. The "Summons with Notice" also contained a brief statement of the nature of the claim. Finally, that "Summons with Notice" also stated defendant's address, which is incidental, because even if it is wrong, obviously defendant is in the best position to know its residence for diversity purposes.

Accordingly, plaintiff's motion to remand this action to New York State Supreme Court is granted.

IT IS SO ORDERED.