**Ronald M. WEIMER, Plaintiff,**

v.

**CITY OF JOHNSTOWN, NEW YORK**
and Steven William Lake,
Defendants.

No. 96–CV–364.

United States District Court,
N.D. New York.

June 25, 1996.

Robert J. Krzys, Amsterdam, New York, for Plaintiff.

Carter, Conboy, Case, Blackmore, Napierski & Maloney, P.C., Albany, New York (Blair Williams Todt, of counsel), for Defendants.

### MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

Now comes plaintiff Ronald Weimer with a motion to remand back to state court a case previously removed by defendants. In deciding this motion, the court is confronted with several issues relating to the thirty-day time limit for removal set forth in 28 U.S.C. § 1446(b). The parties presented oral argument at this court's regular motion day in Albany on April 29, 1996. What follows constitutes the court's memorandum-decision and order in this matter.

### I. BACKGROUND

This case arises out of incidents surrounding the arrest and detention of plaintiff Ronald M. Weimer by defendant Steven William Lake in March of 1994. Compl. att'd to Defs.' Notice of Removal, Doc. 1, ¶ 5. At that time Lake was employed as a police officer by defendant City of Johnstown

("City"). Id. ¶ 3. Plaintiff commenced this action in the New York State Supreme Court, County of Fulton, on January 22, 1996, alleging violations of 42 U.S.C. § 1983 and various state law claims. Notice of Removal, Doc. 1, ¶ 1. Service on defendant City was accomplished on that date by a summons with notice pursuant to N.Y.Civ. Prac.L. & R. 305(b) (McKinney 1990).[1] Decl. att'd to Pl.'s Notice of Mot., Doc. 2, ¶ 3. On February 22 (31 days after City's receipt of the summons with notice), plaintiff received defendants' notice of removal. Id. ¶ 7. The notice of removal was not filed with the clerk of the court until February 28 (37 days later). Id.

Defendant Lake affirms that he did not actually receive the summons with notice until February 1, 1996, when a copy arrived in the mail from the clerk for defendant City. Aff., Doc. 7, ¶ 2. Defendants assert, and plaintiff conceded at oral argument, that Officer Lake in fact has not been properly served yet in this action. Id.; Defs.' Mem. Law, Doc. 6, at 2.

Plaintiff brings the instant motion seeking (1) remand of the action back to Fulton Supreme Court, and (2) pursuant to 28 U.S.C. § 1447(c), an award of just costs, actual expenses, and attorney's fees incurred as a result of the allegedly improvident motion to remove. Plaintiff argues primarily that defendants did not comply with the thirty-day time limit for removal petitions mandated by 28 U.S.C. § 1446(b). That straightforward contention involves several issues, discussed below.

### II. DISCUSSION

The federal removal statute provides in relevant part that

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

---

**1.** References to the Civil Practice Law and Rules will hereinafter appear as "CPLR ____" in accordance with the in-state convention.

the claim for relief upon which such action or proceeding is based....

28 U.S.C. § 1446(b).

The parties do not dispute the dates defendant City received the summons with notice, the date plaintiff received the notice of removal, or the date the notice was filed with the clerk of the court. *See* Defs.' Mem.Law, Doc. 6, at 1. As noted above, neither plaintiff's receipt of the removal notice nor the filing of the notice with this court occurred within thirty days of defendant City's receipt of the summons with notice.

In support of their position that removal is nonetheless timely, defendants proffer two arguments: (1) the summons with notice is not an "initial pleading" as defined by the removal statute, thus the thirty-day clock did not start to run when City received it, *id.* at 2–4; and (2) removal is still timely with respect to defendant Lake, either because he has not been served, or alternatively, because the removal notice was received by plaintiff and filed within thirty days of Lake's actual receipt of the summons with notice on February 1, *id.* at 1–2. Analysis of these arguments follows.

*A. What is an Initial Pleading?*

■ Defendants maintain that a summons with notice does not constitute an "initial pleading setting forth the claim for relief upon which action or proceeding is based" within the meaning of the removal procedure statute, 28 U.S.C. § 1446(b). *Id.* at 2–4. They instead argue that it is the service of the complaint which starts the thirty-day stopwatch.

The court recognizes that federal districts in New York State are, at least superficially, split over the issue of whether the summons with notice under New York practice is an "initial pleading" for purposes of the removal statute. *Compare, e.g., Figueroa v. Kim,* 813 F.Supp. 267, 268 (S.D.N.Y.1993) (summons with notice sufficient) *with E.W. Howell Co., Inc. v. Underwriters Labs., Inc.,* 596 F.Supp. 1517, 1519 (E.D.N.Y.1984) (insufficient). There is even contrary authority within the Western District of New York. *Compare Jones Chems., Inc. v. Distribution Architects Int'l, Inc.,* 786 F.Supp. 310, 316 (W.D.N.Y.

1992) (sufficient) *and Village of Wellsville v. Atlantic Richfield Co.,* 608 F.Supp. 497, 499 (W.D.N.Y.1985) (sufficient) *with Manufacturers & Traders Trust Co. v. Hartford Accident & Indem. Co.,* 434 F.Supp. 1053, 1054 (W.D.N.Y.1977) (insufficient). *See generally* Robert F. Koets, Annotation, What Constitutes Initial Pleading for Purposes of Computing Time for Removal of Civil Action from State to Federal Court Under 28 USCS § 1446(b)?, 130 A.L.R.Fed. 581, § 6 at 598–601 (1996).

Fortunately there is a persuasive authority in the Northern District on point. Judge McCurn analyzed the issue in 1986, and held that the summons with notice served in the case before him was enough to activate the running of the prescribed time period. *Day v. Zimmer Inc.,* 636 F.Supp. 451 (N.D.N.Y. 1986). Rather than adopting a bright-line rule, Judge McCurn sensibly advocated an approach whereby the actual notice-value of the pleading is examined. The defendant must be able to "intelligently ascertain removability" from the face of the document. *Id.* at 453. This standard

> is a flexible one in that if the "Summons with Notice" does not adequately apprise the defendant of the necessary facts to determine removal, the defendant's time to remove would not be triggered by service of that pleading.

*Id.*

Judge McCurn went on to hold that a summons with notice which briefly described the nature of the claim, set forth a demand in excess of the required amount in controversy, and indicated that the plaintiff haled from a different state, adequately informed the defendant of the existence of diversity jurisdiction, and hence the suit's removability to federal court. *Id.* This fact-dependent determination may in fact be the prevailing method, which would harmonize the apparent inconsistency of the precedents. For instance, Judge Curtin authored both the *Village of Wellsville* and *Manufacturers & Traders Trust* opinions which reached opposite results on the question, suggesting a flexible case-by-case approach was being used. *Compare* 608 F.Supp. at 499 *with* 434

F.Supp. at 1054. Judge Skretny in *Jones Chemicals* similarly observed that *Manufacturers* was "fact specific," 786 F.Supp. at 313 n. 2, and noted that the two reported decisions purporting to establish bright-line rules [2] had not been followed, *id.* n. 1. *See also id.* at 312 (cases generally apply "intelligently ascertain removability" standard; citing *Day v. Zimmer*).

■ In this case, the summons with notice probably gives more immediate notice of the removability of the case than does the complaint:

> The nature of the action is one alleging causes of action for deprivation of constitutional rights pursuant to 42 USC 1983, Article I § 6 & § 12 of the New York State Constitution, and for the commission of constitutional torts.

Summons With Notice att'd to Notice of Removal, Doc. 1. That removal to federal court is proper pursuant to federal question jurisdiction is patent from this document.

■ Defendants proffered at the hearing on this motion the argument that defendant City could not ascertain whether it was being sued under 42 U.S.C. § 1983 from the summons with notice. They argued that until the complaint was examined, they had no way of telling whether or not plaintiff was claiming that some constitutionally deficient municipal policy was the progenitor of the injury. Such an allegation is necessary to prove the liability of a city in an excessive force civil rights case, as the respondeat superior theory is unavailable in section 1983 suits. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

■ The court believes however that any difficulty that arose was not due to doubt over the removability of the entire case, but doubt as to the dismissability of the civil rights claim against defendant City. After all, when a federal question claim is joined with other nonremovable claims, the entire case is nonetheless removable (though the district judge may in his or her discretion remand matters in which state law predomi-

nates). 28 U.S.C. § 1441(c). Also, the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), clearly permits a federal court to adjudicate a single case encompassing a federal question claim against one defendant, and state claims against another defendant over which no independent basis of federal jurisdiction exists. *See, e.g., Kubecka, Inc. v. Avellino,* 898 F.Supp. 963, 972 (E.D.N.Y. 1995).

From the notice in this case, defendants knew that federal claims were being made against one or both of them. The fact that the City could not know whether the kind of allegation required by the Supreme Court's decision in *Monell* would be pled in the complaint only means they did not know if any civil rights claims made against them would be subject to a motion to dismiss. Removability was obvious from the notice, and if it should have later transpired that the complaint failed to state a claim under section 1983 against defendant City, then such claim would be dismissible pursuant to Fed. R.Civ.P. 12(b)(6) or CPLR 3211(a)(7). As the issue is not presented here, the court expresses no opinion as to whether the complaint does make a sufficient civil rights claim against City.

The court consequently holds that since removability could be intelligently ascertained from the summons with notice in this case, that process was an "initial pleading" starting the clock for removal.

Defendants next assert that removal is timely with respect to defendant Lake, even if City did not make the thirty-day deadline. Defs.' Mem.Law, Doc. 6, at 1–2. Defendants posit that since proper service of process of the summons with notice was never effected upon defendant Lake, the time limit has not begun to run with respect to him. Alternatively, they contend that even if Lake's actual receipt on February 1 starts the clock, removal is timely as the notice was received by plaintiff and filed with the court within thirty days of that date. This line of argument rests on two assumptions: (1) that proper service of process rather than actual receipt

---

**2.** Those cases are *E.W. Howell,* 596 F.Supp. at 1519 (always insufficient) and *DiMeglio v. Italia*

*Crociere Internazionale,* 502 F.Supp. 316, 318 (S.D.N.Y.1980) (always sufficient).

starts the clock; and (2) that a removal motion is timely within thirty days after the *last*-served defendant receives the initial pleading, rather than thirty days after the *first*-served. The second assumption is discussed later, and the first is addressed now.

### B. Proper Service or Actual Receipt?

■ The split among the district courts that has developed around the "proper service versus actual receipt" issue is not as easily resolved as the "initial pleading" problem. Judge Telesca has held unequivocally that "proper service is a prerequisite to commencement of the removal period." *Estate of Baratt v. Phoenix Mut. Life Ins. Co.*, 787 F.Supp. 333, 336 (W.D.N.Y.1992). In contradistinction, Judge Cedarbaum has held "that it is the defendant's receipt of an initial pleading which provides notice of removability rather than perfected service." *Figueroa v. Kim*, 813 F.Supp. 267, 268 (S.D.N.Y.1993). Both jurists concede that the split of authority is fairly even. *Id.; Estate of Baratt*, 787 F.Supp. at 336 (courts "evenly divided"). *But see* 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3732, at 516 (2d ed. 1985 & Supp.1995) (hereinafter "Wright") ("[I]t is now settled law that the time for seeking removal begins to run only when the defendant or an agent in fact receives the process.").

This court is of the opinion that the rule as stated by Judge Cedarbaum and Professor Wright is the preferable approach. The issue was thoroughly treated by the district court for the Western District of Virginia in *Shoemaker v. GAF Corp.*, 814 F.Supp. 495 (W.D.Va.1993). Five reasons were identified for adhering to the so-called "receipt" rule in that case. First, the removal statute provides that the clock starts "after the receipt by the defendant, through service *or otherwise*" of the initial pleading. 28 U.S.C. § 1446(b) (italics added). The *Shoemaker* court appropriately declined to resort to legislative history to contradict the plain meaning of the statute,[3] and held the "or otherwise" language encompassed actual receipt. 814 F.Supp. at 498; *accord Blair v. Williford*, 891 F.Supp. 349, 351 (E.D.Tex.1995) ("Courts should be loathe to disregard the express language of a statute in order to dive into the quagmire of legislative history to discover the correct interpretation.").

Secondly, even if the legislative history is referred to, the district court in *Shoemaker* found it "ambiguous" on this question. *Id.* at 498. This court concurs, insofar as the debate preceding the 1949 amendment of the removal statute reveals that the primary concern of Congress was not the issue of proper service or actual receipt, but rather what sort of papers started the clock,[4] an issue we have already visited.

As a third reason, *Shoemaker* explained that the concerns exposited by the proper service school of thought were equally answered by the actual receipt rule. *Id.* at 498–99. For instance, some courts have opined that the receipt rule would permit plaintiffs to ignore service requirements. *See, e.g., Estate of Baratt*, 787 F.Supp. at 336. However, in either state or federal court proper service must be made else an action is subject to dismissal. *Shoemaker*, 814 F.Supp. at 499.

---

**3.** Some courts, including *Estate of Baratt*, 787 F.Supp. at 336, have interpreted the legislative history of the removal statute's current incarnation as supporting the proper service rule. *See* 814 F.Supp. at 497 n. 4 (listing cases advocating proper service rule).

**4.** In 1948 the pertinent part of the removal statute required that the removal petition be filed "within twenty days after commencement of the action or service of process, whichever is later." *Love v. State Farm Mut. Automobile Ins. Co.*, 542 F.Supp. 65, 67–68 (N.D.Ga.1982). A problem arose in states, like New York, where the service of a bare summons sufficed to commence a state action and the removal clock; the time period

could run without the defendant ever receiving information about the claim, thus frustrating an evaluation of removability. *Id.* at 68. In 1949 Congress amended this portion of the statute to its present form to solve the problem (with the exception that today's thirty-day limit was then only twenty). *Id.* The issue under discussion was not what kind of service was sufficient, but the sufficiency of what was being served.

Modern New York practice requires that a summons served without the complaint be accompanied by a notice "stating the nature of the action and the relief sought." CPLR 305(b); *Parker v. Mack*, 61 N.Y.2d 114, 115, 472 N.Y.S.2d 882, 460 N.E.2d 1316 (1984).

As a fourth rationale, and contrary to cases characterizing the split of authority as "even," the Western District of Virginia noted the increasing number of courts adopting the receipt rule, including several that had previously adhered to the service rule. *Id.* at 499; *compare also id.* at 498 & n. 5 (17 cases following receipt rule) *with id.* at 497 & n. 4 (8 cases applying service rule). Moreover, the scales have tilted even further towards the receipt rule since *Shoemaker* was reported. Although there may have been "a scarcity of any appellate decisions on point" in 1993, *id.* at 497, at least two have arisen since then: both *Roe v. O'Donohue,* 38 F.3d 298, 303 (7th Cir.1994) and *Tech Hills II v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968 (6th Cir.1993) endorse the "receipt" rule. Judge Easterbrook in *O'Donohue* saw "no escape from the language of the statute" which clearly provides that the clock is tripped by "service or otherwise." 38 F.3d at 303.

▪ Lastly, the *Shoemaker* court observed that the removal statute must be narrowly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The receipt rule furthers this purpose by obligating a defendant to evaluate removability at the earliest practicable moment.

▪ Plaintiff and defendant agree that, as of the time of oral argument upon this motion, defendant Lake had not been properly served. Of course, the receipt rule presupposes that a removal motion may be properly made before a state court obtains personal jurisdiction over a defendant by service of process. *See, e.g.,* 28 U.S.C. § 1448 (providing that after removal from state court, unserved defendants may be served under federal rules). No paradox is presented by the possibility that defendant Lake is petitioning to remove an action he is not yet a party to. As the *Shoemaker* court noted, 814 F.Supp. at 499, if service is not perfected, Lake may move for dismissal under Rule 12(b)(5) in this forum, or if remanded back to Fulton Supreme Court, under CPLR 3211(a)(8).

Moreover, plaintiff represented at the hearing upon this motion that Lake will be served as soon as his Arizona address could be learned.

For the reasons set forth above, this court holds in accordance with the majority of courts to consider the issue that the thirty-day limit for removal begins when a defendant receives the initial pleading described in section 1446(b), regardless of whether he was properly served.

### C. First–Served or Last–Served?

▪ The court now proceeds to address the second of the two assumptions underlying defendants' argument that Lake may still properly remove: that removal is timely within thirty days after the *last*-served defendant receives the initial pleading, rather than just the thirty days following receipt by the *first*-served. Yet again, a split of opinion has developed around this thorny issue. The two positions are succinctly set forth in two major federal practice treatises. The rationale this court will describe as the "first-served" rule[5] is found in *Moore's Federal Practice:*

[W]e believe that where the action as pleaded would be removable by all joined defendants, the thirty-day period starts to run from the time of service on the first defendant who would have to be joined in the removal petition. This view is practicable so far as the served defendant is concerned. It is not harsh as to subsequently served defendants. If the first served defendant abstains from seeking removal, subsequently served defendants cannot remove, it is true, but that is due to the rule of unanimity among defendants which is required for removal. And, under our view, where the removal petition is filed by the served defendant and another defendant or defendants are subsequently served, he or they have a right to *choose* the state forum by making a motion to remand.

---

**5.** By "first-served," the court means the first defendant who receives the initial pleading from which removability can be intelligently ascertained. Proper service of process, as explained above, is unnecessary.

1A James Wm. Moore, Moore's Federal Practice ¶ 0.168[3.–5–5], at 586–87 (italics in original) (footnotes omitted).

Thus, by the logic of the first-served rule, the fact that thirty days elapsed before defendant City petitioned for removal would bar a similar petition by defendant Lake, even though Lake's motion may be within thirty days of his receipt of the initial pleading. Apparently, even if Lake did not receive a copy of the pleading until after City's clock had run, he would still be precluded from removing. *See, e.g., Brown v. Demco, Inc.,* 792 F.2d 478, 481–82 (5th Cir.1986). The first-served rule has been adopted by the clear majority of federal courts. *See Garside by Garside v. Osco Drug, Inc.,* 702 F.Supp. 19, 21 n. 4 (D.Mass.1988) (acknowledging preeminence of first-served rule and listing cases in accord).

The contrary, minority position, or the "last-served" rule in the court's terminology, is stated in the *Wright* treatise:

[S]ome district courts have held that failure of the first defendant served to file a petition for removal within thirty days of service will prevent all subsequently served defendants from removing the action. Since one defendant always can preclude removal by refusing to join in the removal petition, this result is not unfair when all of the defendants are served simultaneously. However, when some of the defendants are served after the first defendant served has waived the removal right by not exercising it within the statutory period, the subsequently served defendants are deprived of the opportunity to persuade the first defendant to join in the removal petition.

14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, § 3732, at 531–32 (footnotes omitted). Thus the last-served rule draws a distinction between a defendant initiating a petition for removal, and consenting to a codefendant's later petition. So although the first-served City has not petitioned for removal within thirty days of its receipt of process, this reasoning would nonetheless permit City to consent to a motion initiated by defendant Lake within thirty days of Lake's receipt of the initial pleading.

The court has examined the four cases it has found unequivocally applying the last-served rule [6] and found that at least three of them contained equitable factors not present in the matter sub judice. For instance, in *Eltman v. Pioneer Communications of America,* the last-served defendant was not even added as a party-defendant until approximately one year after the first-served defendant received notice from which removability could be ascertained. 151 F.R.D. 311, 315 (N.D.Ill.1993). The Northern District of Illinois conceded that the majority, first-served rule might be more appropriate absent these circumstances: "More importantly, even if barring removal by a later-served defendant is justified in certain circumstances, it is unjustified and inequitable when the later-served defendant is not named until the initial thirty-day period has lapsed." *Id.*

In *Garside by Garside v. Osco Drug, Inc.* the last-served defendant was not added to the complaint until more than four years after the first-served defendants. 702 F.Supp. 19, 21 (D.Mass.1988). Additionally, the party seeking remand back to state court in the *Garside* case was the last-served defendant, not the plaintiff as in the usual case, *id.* at 22, and the case at bar. The last-served defendant filed the petition for removal within thirty days after it received notice. The case was then randomly assigned to a district judge. The last-served defendant subsequently moved for remand, contending that its own petition was untimely. The court apparently suspected that the last-served defendant, dissatisfied with the district judge assigned the case, was engaging in forum-shopping. *Id.* It is clear these peculiar circumstances informed the district court's decision to apply the minority rule: "The result reached by following the Wright and Miller approach [last-served rule] is par-

**6.** The case of *McKinney v. Board of Trustees of Mayland Community College* advanced a subtly different proposition: a subsequently served defendant has thirty days from his or her receipt of the initial pleading to *join* in a removal petition timely filed by the first-served defendant. 955 F.2d 924, 928 (4th Cir.1992).

ticularly compelling where it is the removing defendant who is seeking a remand." *Id.*[7]

In the latest case endorsing the last-served rule, the last-served defendant was named in the original complaint, but received no notice until seventeen months after the first defendant was served. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 913 F.Supp. 517, 519 (E.D.Ky.1996). And unlike the instant case, the last-served defendant was represented by separate counsel from the first-served. *See id.* at 518 (appearances listing shows last-served defendant Ellison's counsel different from counsel representing Alusuisse Flexible Packaging). In fact, separate counsel represented the first- and last-served defendants in *Eltman, see* 151 F.R.D. at 313 (describing how last-served defendant's attorney obtained consents from other defendant's attorneys), and *Garside, see* 702 F.Supp. at 20 (other defendants taking no position on remand motion).

The significance of both defendants in this matter being represented by the same counsel is that in reality, the primary advisor and decision-maker for both Lake and City regarding whether to select the federal or state forum had a full thirty days to contemplate the choice. Since both City and Lake were originally named in the summons with notice, it is somewhat disingenuous to argue that Lake was deprived of his thirty day window for removal—his counsel was aware Lake was a party to the action and had the benefit of the full thirty days.

Of the cases applying the last-served rule, *Ford v. New United Motors Manufacturing*, 857 F.Supp. 707 (N.D.Cal.1994), is the closest one approximating the relevant facts of this matter. The first-served defendant, defendant 1, was represented by one firm, and two subsequently served defendants, defendants 2 and 3, were represented by another. *See id.* at 707 (appearances); *id.* at 708 (dates of service). Defendant 1 did not file a timely removal petition. Defendant 3 filed one within thirty days of his receipt of the initial pleading, but not within thirty days of defendant 1's receipt or within thirty days of defendant 2's receipt. *See id.* at 708 (defendant 1 served August 5, defendant 2 served August 11, defendant 3 served August 16, defendant 3 removed September 15). All defendants were named in the complaint served on defendant 1 on August 5.

Inasmuch as *Ford v. New United Motors* is the only precedent applying the last-served rule in circumstances such as those present in the immediate matter, this court respectfully disagrees with it. As stated by Professor Wright and the courts applying it, the last-served rule is an equitable doctrine. *See, e.g., Eltman*, 151 F.R.D. at 317 (first-served rule inequitable under circumstances). When two or more codefendants share the same firm or attorney and are all originally named in the complaint or initial pleading, no equitable consideration compels allowing counsel to use the last-served rule to ponder the removal decision for more than thirty days.[8]

The potential for manipulative timing of service in multidefendant cases is an equitable consideration that could warrant application of the last-served rule. *See Ford*, 857 F.Supp. at 710. However, there appears to be no such subterfuge on the part of plaintiff in this case, and if there was the suggestion of such a scheme in *Ford*, that would partially explain its holding. Plaintiff in this case represented at oral argument that defendant Lake's Arizona address was unknown to him,

---

**7.** Presumably, if the plaintiffs in *Garside* had joined in the last-served defendant's remand motion, the District of Massachusetts would have been faced with a starkly contrasting situation. As it transpired, the plaintiffs objected to remand and the other defendants took no position. 702 F.Supp. at 20.

**8.** In fact, as Wright explains it, unfairness only results when the last-served defendant receives his initial pleading *after* the first-served's thirty-day clock has run. *See* 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, § 3732,

at 531–32. That was not the scenario in *Ford*, and is not the situation at bar. In this case, Lake received notice within the time period for the City.

This court however sees little value to a rule which gives a defendant who is served 29 days after the first-served only one day to remove while allowing a defendant served 31 days after the first-served 30 days to remove. Hence the court does not rely on this over-literal interpretation of the Wright rationale in reaching its decision here.

and that before the removal petition was filed, plaintiff had initiated a proceeding in Fulton Supreme Court to compel the disclosure of Lake's current address. Plaintiff's eagerness to perfect service upon defendant Lake belies the idea that simultaneous service was avoided purposefully.

The equities that make the last-served rule desirable, while present in *Garside, Eltman,* and *Brierly* are not discernable here. This court hence opts to follow the first-served rule, which is not only the approach applied by the majority of federal courts generally, *e.g., Kuhn v. Brunswick Corp.,* 871 F.Supp. 1444, 1447 (N.D.Ga.1994), but is also the majority rule applied in the district courts in New York State, *e.g., Black v. Moody,* 896 F.Supp. 157, 158 (S.D.N.Y.1995) and cases cited therein. In deciding that both City's and Lake's time for removal expired before a petition was filed in the instant case, the court does not wish to close the door to this line of argument in future cases displaying the characteristics identified in *Eltman* and *Garside* as warranting application of the minority, last-served rule.

### D. Costs and Fees

 Plaintiff also moves for the actual costs and reasonable attorney's fees incurred in making this successful remand motion, as permitted 28 U.S.C. § 1447(c). However, the use of the permissive "may" in that statute reflects that the award of costs and fees is within the court's discretion. As the preceding analysis demonstrates, there were many open questions involved in this motion, and defendants' removal petition was not without persuasive support. The court thus denies the motion for costs, expenses, and fees. *See Bradley Industrial Park v. Commissioner of Educ.,* 915 F.Supp. 543, 546 & n. 2 (N.D.N.Y.1996) (even when there has been procedural defect, court has discretion to refuse costs and fees).

### III. CONCLUSION

Plaintiff's motion to remand this action back to state court is GRANTED. It is therefore ORDERED that this case be remanded to the New York State Supreme Court for the County of Fulton.

Plaintiff's motion for costs, expenses, and attorney's fees incurred in bringing this remand motion is DENIED.

The court compliments both attorneys for their professional argument of this interesting motion.

It is So Ordered.